THOMAS, Appellant, v. THOMAS et al.

Division Two, May 9, 1899.

1. **Will:** DEVISE TO A CLASS: TIME OF DISTRIBUTION. Where a legacy is given to a class of individuals in general terms, and no period is fixed for the distribution, the time for the distribution will be the death of the testator.

2. ——: ——: DEFERRED DISTRIBUTION: DISTRIBUTEES. But where the distribution is by the terms of the will deferred to some time after the testator's death, not only all the children or members of the class living at the death of the testator are entitled to share in the distribution, but also all those who shall subsequently come into existence and are living at the time designated for the distribution.

3. ——: ——: ——: ——: PRESENT BEQUEST. If the legacy is a present bequest the members of the class who are *in esse* at the death of the testator will take vested interests in the fund, but subject to open and let in after-born children who shall come into being and belong to the class at the time appointed for the distribution.

Thomas v. Thomas.

4. ——: ——: ——: ——: ——: PERIOD FIXED: AT GIVEN AGE OF OLDEST CHILD. And if the distribution is postponed until the attainment of a given age by the members of a class, the legacy will apply only to those who are living at the death of the testator and those who shall come into existence before the first member of that class attains that age.

5. ——: ——: ——: ——: ——: ——: CASE STATED. The will contained this clause: "I give to the six children of my son, David Nelson Thomas and his wife Elizabeth, one undivided third of the residue of my estate. Should any of these children die unmarried and without issue, or any other children be born to my said son, I will that all of his children divide equally share and share alike the said one-third of my estate." In a preceding clause the testator had provided that his descendants should be paid their shares as each arrived at his age of majority. *Held,*

    1. The will created a present vested estate in such of David's children as were living at the death of the testator subject to open and let in after-born children, but fixed the period of distribution at the majority of the oldest child, and hence all of his children who came into existence before that time were entitled to share in the distribution, but such as were born after that period were excluded.

    2. The words "should any other children be born to my said son" mean "all the children born after the making of the will and prior to the period of distribution" fixed by the will.

*Appeal from Adair Circuit Court.*—HON. ANDREW ELLISON, Judge.

AFFIRMED.

O. D. JONES for appellant.

(1) The language and meaning of the will is beyond question. Testator did not want to give the property to the wife Elizabeth—he did not do it. He gave it to "the children of D. N. Thomas" of whom she was then the mother; not because they were her children, but because they were his. In the light of the language used, the laws of human nature and the thing done, this much is clear: he did not stop there in language or intent. He qualified that devise, in case of other happenings. "Should any of these children (now born) die unmarried and without issue, or any other children be born to my said son, I will that all of his children

divide equally and share alike the said one-third of my estate." . The devise thus is not to the chldren of his said son and his then wife; but to the children of "my said son." This language used gives one and only one meaning. (2) It is in accord with our law of descents, section 4466, Revised Statutes 1889, that says: "All posthumous children or descendants of the intestate, shall inherit in like manner, as if born in the lifetime of the intestate." · This right is limited to the children and descendants of the intestate, and plaintiff is a descendant of testator. Without the will this interest under our law would have descended to the father, D. N. Thomas, if living; if not to this plaintiff with his other children, living at the time of the death of the testator. Thus the will does not contravene in any manner our statute of descents and distributions, but rather is in strict conformity to it. (3) It is the duty of the court to ascertain the meaning and intention of the testator and if it is a legal purpose, effectuate it. "A remainder to an unborn person, either for life, in tail or in fee, will be good, unless it is preceded by a gift for life or in tail, to the unborn parent of that person." 20 Am. and Eng. Ency. Law, 879. If the first legatee dies in the testator's life and there be an alternative gift, it will take effect. Martin v. Lachasse, 47 Mo. 591; Maguire v. Moore, 108 Mo. 267; Greffet v. Willman, 114 Mo. 106; Redman v. Barger, 118 Mo. 568; Ringquist v. Young, 112 Mo. 25.

H. F. MILLIAN and CAMPBELL & CAMPBELL for respondents.

(1) The courts will not violate fixed principles of law in order to give effect to a supposed intention of the testator. Harrison v. Swan, 58 Mo. 147; Nichols v. Boswell, 103 Mo. 157. (2) Where property is given by will to children as a class, in the absence of any indication of a contrary intent, the gift will vest in those of the class who are in existence at the testator's death. 29 Am. and Eng. Ency. of Law, pp.

410 and 411; Shotts v. Poe, 47 Md. 513; Allen v. Claybrooks, 58 Mo. 124. (3) But where possession is not to be taken immediately upon the testator's death, but is postponed until some future period, then the class is to be determined at such·future period. 29 Am. and Eng. Ency. of Law, pp. 410 to 416; Beach on Wills, sec. 298; Hubbard v. Lloyd, 60 Mass. 522. (4) The expression, "should any of these children die," used in the will means die before the testator. 29 Am. and Eng. Ency. of Law, p. 502. (5) Where the gift is to "children" as a class, and a future time is fixed when they will come into possession, then the addition of the words "hereafter born" will not let in those born after the time fixed for the coming into possession. (6) And where the gift is to the children of my son David, now living or hereafter born, to be paid to each on his or her reaching his or her majority, no children born after the first child becomes of age can take under the will.

GANTT, P. J.—This is an appeal from a judgment sustaining a demurrer to plaintiff's petition, which was filed in the circuit court of Adair county, January 5, 1897.

The petition is as follows:

"Plaintiff for his amended petition states, that he is an infant under the age of twenty-one years, and that David Nelson Thomas has been by the probate court of Adair county, Missouri, duly appointed curator of his estate, and is legally qualified as such, and that the said David Nelson Thomas is his father, and is also the father of defendants; that defendants, Edna Thomas, Milton Thomas and Ethel Thomas, are infants, and that Elizabeth Thomas has been by the probate court of Adair county, Missouri, duly appointed curator of their estates, and is legally qualified as such.

"Plaintiff for his cause of action says that on or about August 10th, 1885, his paternal grandfather, John Thomas, departed this life in the State of California, testate, leaving

his last will and testament bearing date of July 4th, 1882, the instrument bearing date hereto attached and marked Exhibit A, which said instrument is made a part of this petition.

"Plaintiff says that said will was admitted to probate in the supreme court of Los Angeles county, State of California, and letters testamentary, with will annexed, were granted to Milton Thomas and H. S. Parcels, of Los Angeles county, California. Plaintiff says that the ———— clause in said will is as follows, to wit:   'I have heretofore given large amounts to each of my children, and consider it advisable to leave the balance of my estate to my relatives and descendants hereinafter named, to be paid to each upon his or her reaching his or her majority.'   An after-clause in said will is as follows, to wit:   'I give to the six children of my son David Nelson Thomas and his wife Elizabeth, one undivided one-third of the residue of my estate.   Should any of these children die unmarried and without issue, or any other children be born to my said son, I will that all of his children divide equally share and share alike, the said one-third of my estate.'   Plaintiff says that distribution and partition of the estate of the said John Thomas has been made, but without any provision being made for carrying out the trust created by said will, or preserving and protecting the property of said estate.   Plaintiff states that five of the defendants, to wit, Eugene D. Thomas, Ella M. Thomas, Vida Thomas, Edna Thomas and Milton Thomas, were living at the date of the execution of said will, and were a part of the six children of David Nelson Thomas referred to in said will. That Ethel Thomas, one of the defendants, was born after the execution of said will.   That Nelson Thomas, one of the children of David Nelson Thomas living at the execution of said will, died on or about July, 1885.   That plaintiff has been born since the execution of said will, and since the dis-

tribution and partition of said estate, to wit: on the ———— day of ————, 1896.

"Plaintiff says that at the date of the execution of said will, the said David Nelson Thomas was forty-five years of age; that Milton Thomas, son of testator, was sixty years of age; that Sarah Ellen Parcels, daughter of testator, had departed this life, she having died before the execution of said will. Plaintiff further says that at the time of testator's death, the said John Thomas was the owner of a large amount of real estate. That part of said real estate was situated in the State of California, and part of said real estate was situated in Adair county, Missouri. That there has been partitions made of all said real estate, and a one-third part thereof set off as the share of the children of the said David Nelson Thomas. The share of the Missouri real estate so set off for the said children is described as follows, to wit:

"The northwest one-fourth of the northeast one-fourth of section nine, township sixty-two, range fifteen west. Also lots one and two, block eleven, city of Kirksville, Adair county, Missouri. That the value of said Missouri real estate, so set off, is about $10,000. That defendants have sold part, if not all of the real estate situated in California and set off as the share of the children of David Nelson Thomas, and the proceeds thereof amounting to about eighteen thousand dollars are in the hands of defendants.

"Plaintiff further states that under and by virtue of the provisions of said will he is entitled to share equally with defendants in the one-third part of the residue of the estate of the said John Thomas, deceased, devised and bequeathed to all the children of David Nelson Thomas, and in the property hereinbefore described and set off as the share of said children, and the proceeds thereof now in the possession of the defendants. Plaintiff further says that possibility of issue is not yet extinct in the said David Nelson Thomas, and that

should any children be hereafter born to the said David Nelson Thomas said children will be entitled to share equally with plaintiff and defendants in the said one-third of the residue of said estate.      Plaintiff further says that upon the death of the said John Thomas, and upon the distribution and partition the defendants took the one-third of the residue of said estate, with trust attached in favor of any afterborn children of the said David Nelson Thomas. That defendants are wasting and mismanaging said property; that they have mortgaged a part of said Adair county lands; that they have attempted to dispose of the same; that defendants deny the trust or plaintiff's rights to share in said property or the right of any child or children, which may hereafter be born to the said David Nelson Thomas; that plaintiff has no adequate remedy at law.   Wherefore the plaintiff prays the court to declare a trust in favor of plaintiff and any children hereafter born to the said David Nelson Thomas; to appoint some suitable and discreet person as trustee to take charge of and manage said land property, until in the course of events the shares of takers is determined; to order defendants to pay into the court all moneys and funds received from said estate; and for all orders necessary to preserve said estate and property, and to carry out the provisions of said will, and for general relief."

Defendants demurred to this petition for the reason that it did not state facts sufficient to constitute a cause of action, and because upon the facts alleged plaintiff could take nothing under said will.

Upon the hearing of the demurrer the record states:

"And for the purposes of said demurrer the following agreed statement was made by the parties to be considered, as if stated in the petition, to wit: 'That at the date of the execution of the will of John Thomas and the codicil thereto, Milton Thomas, testator's oldest son, was a man of large means. That Laura and Mary Thomas, daughters of said

Milton Thomas and legatees under said will, had reached
their majority.    That David N. Thomas was the youngest
child of testator and was shiftless, intemperate and of uncer-
tain habits and possessed little or no property.    That the
persons mentioned and provided for in said will composed all
of testator's descendants at the time of making the said will.
That three of the six children of David N. Thomas, who were
living at the death of the testator, had reached their majority
before the birth of plaintiff. That in 1889 Elizabeth Thomas
was divorced from David N. Thomas and was awarded the
custody of their six children. And in 1893 David N. Thomas
was remarried, the plaintiff herein being a child of said sec-
ond marriage.    That Elizabeth, the first wife of David N.
Thomas, was born in the year 1846.    That in considering the
demurrer the court may consider the will, in connection with
the petition.' "

A cursory reading of the two items of the will which
we are called upon to construe would present very little diffi-
culty but when carefully considered in the light of adjudi-
cated cases it will be found that few questions have given
the courts more trouble.

The bequest and devise in this case is to a class of an.
aggregate portion of the testator's estate.    No intermediate
estate is created and the legacy is not confided to trustees.
Certain general principles are deducible from the decided
cases.

Where a legacy is given to a class of individuals
in general terms, as to the children or grandchildren of a
person named, and no period is fixed for the distribution, the
time for distribution will be the death of the testator. [Viner
v. Francis, 2 Cox's Ch. Cas. 190; Devisme v. Nello, 1 Bro. *M*
Ch. 537; 2 Jarman on Wills (6 Ed.), star p. 1010, and cases
cited.]

Under this rule children born or begotten prior to and
*in esse* at the time of the death of the testator, will be enti-

tled to share in the distribution, but those living at the execution of the will who die before the testator are excluded.

But where the distribution is by the terms of the will deferred to some time after the testator's death the gift will embrace not only all the children or members of the class living at the death of the testator but all those who shall subsequently come into existence and are living at the time designated for the distribution.

If the bequest is a present bequest the beneficiaries who are *in esse* at the death of the testator will take vested interests in the fund but subject to open and let in after-born children who shall come into being and belong to the class at the time appointed for the distribution.

And where the distribution is postponed until the attainment of a given age by the children the legacy will apply only to those who are living at the death of the testator and who shall come into existence before the first child attains the age named, this being the period when the fund is first distributable with respect to any member of the class.

Where the members of a class take vested interests in a legacy distributable at a period subsequent to the death of the testator but subject to open and let in after-born children they take their vested interests in their shares subject to the distribution of those shares as the members of this class are increased by future births, and on the death of any of the children previous to the period for distribution their shares will go to their respective representatives. [Tucker v. Bishop, 16 N. Y. 402.]

Recurring to the third item or clause of the will of John Thomas the language is, "I give to the six children of my son, David Nelson Thomas and his wife Elizabeth, one undivided one-third of the residue of my estate. Should any of these children die unmarried and without issue or any other children be born to my said son, I will that all of his children divide equally share and share alike the said one-

third of my estate." · In the preceding clause he had pro-
vided that his descendants should be paid their shares upon
each arriving at his or her majority.

Under a long line of authorities it seems settled that the
period of distribution fixed by the testator is the majority of
the oldest child of David Nelson Thomas.

The gift is a present one but the time appointed for dis-
tribution is the majority of the oldest child, while therefore
the children living at the time of the death of the testator
took vested interests, they were subject to open and let in any
and all after-born children to said David N. Thomas who
might come into existence and answer the description of be-
ing a part of all his children when his eldest child arrived at
its majority.   As the record discloses that three of the six
children of David N. Thomas who were living at the death
of the testator reached their majority before the birth of
plaintiff, Hezekiah Thomas, he is excluded from sharing in
the said legacy to his father's children.     .

.    Does this conclusion effectuate the intention of the tes-
tator?

The general rule for the construction of a will is that
the intention of the testator is to be collected not from any
particular or detached clause of the will but from the whole
taken together and the general intent is to be preferred to a
particular one.

It is contended by plaintiff that the testator by using the
expression "should any other children be born to my said son
I will that all of his children divide equally share and share
alike the said one-third of my estate," intended that all of
the children of David Nelson Thomas whether born and liv-
ing at the time he directed the first distribution of this third
of his estate or subsequently should share therein.   In other
words the contention is either that the direction of the testa-
tor to distribute to each of his said grandchildren the portion
given to him or her upon his or her reaching his or her

majority must be ignored as a minor consideration and the division of this estate be deferred until the possibility of issue becomes extinct in David Nelson Thomas which is not deemed to be possible so as long as he lives. [1 Wash. Real Prop. (5 Ed.), p. 109, sec. 36; Rozier v. Graham, 146 Mo. loc. cit. 359.]

Or, if the legacies are distributed in accordance with the will, restitution by those who have received their legacies must be made from time to time as other children happen to be born afterwards—an extremely inconvenient, if not impracticable, course.

To make each part of the will consistent with the whole the courts have sought to prevent a violation of the intention to give to all of the children by applying the word "all" and "children born" to all of those *in esse* at the period of distribution. This determination was reached from an anxiety to provide for as many children as possible with convenience. [Barrington v. Tristram, 6 Ves. 348.]

This rule of exclusion of children born after the vesting of any of the shares in possession has been criticised.

Lord THURLOW in Andrews v. Partington, 3 Bro. Ch. 401, said he often wondered how it came to be so decided, there being no greater inconvenience, in his opinion, in case of a devise than in that of a marriage settlement where nobody doubts that the same expression means all the children. This in turn has been answered with the remark that in marriage settlements one at least of the parents generally takes a life interest so that the shares of the children do not vest in possession until the number of objects is fixed, and before marriage, as there are no children to whom it can be applied, it must mean all, and there is no place to draw the line, nor any reason why it should be one more than another. It is a debt of nature and all the children are entitled, whereas in a legacy like this it depends on the meaning of the words used.

It is well also to state that this rule of exclusion applies

only to the distribution of the principal where the aliquot share of each member of a class can not be ascertained until the class is closed. It has been directly held that it has no reference to legacies of income. [In re Wenmoth's Estate, 37 Ch. Div. 266.]

In Ellison v. Airey, 1 Ves. 111, Lord HARDWICKE, the rule was announced that where a legacy is to be distributed among a number described as a class all who answered the description at the time of distribution should take to the exclusion of all who happened to answer it afterwards.

In Heisse v. Markland, 2 Rawle, 274, the Supreme Court of Pennsylvania in an opinion by Chief Justice GIBSON, followed Ellison v. Airey, *supra*, and applied it to the construction of a will which gave the legacy to executors in trust to invest and apply to the support and education of all the children of the testator's son Henry, "born and to be born during their respective minorities as they the said trustees shall think proper and most beneficial and to divide and pay the principal in equal parts and shares to the said children when and as they severally and respectively arrive at the age of twenty-one years." Said Henry had five children living at time of testator's death and five born afterwards and it was admitted he might have more. All the children were living when the suit was commenced, and all except plaintiff were under the age of twenty-one years. It was held none of the children could take who were not born when plaintiff arrived at the age of twenty-one. It was further distinctly ruled that the words "born or to be born" were not sufficient in themselves to change the general rule and let in children born after the first period of distribution.

In Curtis v. Curtis, 6 Maddock's Ch. 17, the residuary bequest was an annuity to the father and remainder subject to the annuity to his children when they attained twenty-one and it was held that all the children took vested interests when the eldest reached twenty-one years of age. [Ward v. Tomkins, 30 N. J. Eq. 3.]

In Hubbard v. Lloyd, 6 Cush. 522, the bequest was "unto all the children of B. equally when they shall severally attain the age of twenty-one years. It was ruled by Chief Justice SHAW that all the children born before one of them reached twenty-one, although born after the death of the testator, would share alike, but those born after the first came of age were excluded. And the same ruling was made by Sir William GRANT, as Master of the Rolls, in Gilbert v. Boorman, 11 Ves. 238.

In Andrews v. Partington, 3 Bro. Ch. 404, Lord THUR-LOW the Lord CHANCELLOR said: "Where a time of payment was pointed out, as where a legacy is given to all the children of A., when they shall attain twenty-one, it was too late to say, that the time so pointed out shall not regulate among what children the distribution shall be made. It must be among the children *in esse* at the time the eldest attains such age."

In the States in this Union in addition to the cases referred to in Massachusetts, New Jersey and New York, Swinton v. Legare, 2 McCord Ch. (S. C.) 440, Handberry v. Doolittle, 38 Ill. 202, and Simpson v. Spence, 5 Jones' Eq. (N. C.) 208, and Shotts v. Poe, 47 Md. 513, sustain the same doctrine. There are also numerous cases like Storrs v. Benbow, 2 My. & K. 46, affirmed in 3 D. M. & G. 390, and Townsend v. Early, 28 Beavan, 429, which hold and construe the words found in this will "any other be born" to mean children born between the making of the will and death of the testator.

The general rule being then so well established and it being equally well settled that the use of the word "all" or "children born or to be born" do not vary the ordinary rule, we feel constrained to hold that plaintiff can not take under the will of his grandfather because he was born after the period fixed by said testator for the distribution of the shares

of the children of David N. Thomas, to wit, when the eldest reached the age of twenty-one years.

The cases cited by appellant from our own reports as to the vesting of remainders do not apply here. There is no remainder in the case. No intermediate estate is created by the will.

That plaintiff answers the description of one of the class to whom the gift was devised could not be questioned if he had been born prior to the majority of his eldest brother, but he was not born until after three of said children had reached their majority.

We do not feel at liberty to reject a rule so·long asserted and maintained by the highest courts of England and America, nor to discard the reasoning upon which those decisions stand.

The judgment of the circuit court is affirmed. SHERWOOD and BURGESS, JJ., concur.