ROBERT A. BUCKNER, JR., et al. v. ROBERT A. BUCKNER, SR., et al.; NELLIE M. BUCKNER et al., Appellants.

### Division One, March 3, 1914.

1. **WILL: Construction: Grandchildren Born After Death of Widow.** The testator gave to his widow his property for life and then declared: "It is my will and I do hereby give, devise and bequeath the residue of my estate remaining in her hands at the death of my beloved wife, of whatever nature or kind, to the heirs of my said son, which are born to him in lawful wedlock, share and share alike therein. * * * And in the event my said son should die without any other issue born unto him in lawful wedlock than his present son (my little grandson who now lives with me) and the said grandson should outlive my beloved wife and be the only lawful heir of my said son, then I will, bequeath and devise unto him, my said grandson, the balance of my property heretofore devised to my wife which she may have at the time of her death." *Held,* that the remainder was devised to his grand children as a class, and could not be limited to the eight who were born prior to his wife's death, but included both them and the three thereafter born. The plain intent of the will was to disinherit the son, and not to discriminate among the grand children born in lawful wedlock.

2. ———: ———: **Heirs: None of the Living.** A devise to "the heirs of my said son" means a devise to the children or their descendants living at the death of the son, since no one can be the heir of a living person.

3. ———: ———: **Devise to Class: When Vested.** A devise or bequest to a class, if no time for vesting is fixed by the will, will take effect at the death of the testator. But where the will, either by express words or necessary implication, fixes a different time, and the whole class is not then completed, the remainder will vest in those then *in esse*, who will hold it subject to be opened and to let in afterborn persons who belong to the class at the time fixed by the will for its final consummation. A devise by testator of his property to his wife for life and "the residue of my estate remaining in her hands at the time of her death to the heirs of my son born to him in lawful wedlock, share and share alike," created a vested remainder in the lawful children of the son living at the death of the wife, and they then took the title, subject, however, to an executory devise to such other children as should be born to the son in lawful wedlock, who when born became cotenants with those previously born, whether born before or after the death of the life tenant,

Appeal from Madison Circuit Court—*Hon. Charles A. Killian,* Judge.

REVERSED AND REMANDED (*with directions*).

*Robert A. Anthony* for appellants.

(1) In the construction of the will, the court will endeavor from a consideration of the whole instrument to ascertain the intention of the testator. R. S. 1909, sec. 583; Burnet v. Burnet, 244 Mo. 491; Threlkeld v. Threlkeld, 238 Mo. 459; Dameron v. Lanyon, 234 Mo. 627; Cox v. Jones, 229 Mo. 53; Settles v. Shafer, 229 Mo. 561; Stewart v. Jones, 219 Mo. 614. (2) It being apparent from an examination of the will of Aylette Buckner that he intended for all the children of his son Robert, born in lawful wedlock, to share equally in his property remaining undisposed of by his widow, the estate would open and allow the appealing defendants to share therein, although born after the death of Martha Ann Buckner, widow of Aylette Buckner. Doerner v. Doerner, 161 Mo. 399; Gates v. Seibert, 157 Mo. 254; Buxton v. Kroeger, 219 Mo. 224; Waddell v. Waddell, 99 Mo. 338; Emmerson

v. Hughes, 110 Mo. 627; Thomas v. Thomas, 149 Mo. 426; Reinders v. Coppleman, 68 Mo. 482; Wead v. Gray, 8 Mo. App. 515; Ives v. Kimlin, 140 Mo. App. 293; Sullivan v. Garesche, 229 Mo. 496; Carter v. Long, 181 Mo. 701.

*Benjamin H. Marbury* for respondents.

## STATEMENT.

This is a suit to construe a will and was tried upon the will and certain admitted facts. The testator owned a valuable farm of about three hundred acres in Madison county, Missouri. He executed his will on the 19th day of February, 1875. He died on the 24th day of May, 1876, leaving as his only heirs, his widow, Martha Ann Buckner, who was made executrix; his son, Robert A. Buckner, the father of Quarles A. Buckner, a grandson who resided with the testator.

The will, after providing for the payment of debts, bequeathed five dollars to his son R. A. Buckner, and then devised all the residue of his estate to his widow for life with full power of sale or disposition for her support or any purpose, and with further limitations over after her death, to-wit:

"It is my will and I do hereby give, devise and bequeath the residue of my estate remaining in her hands at the death of my beloved wife of whatever nature or kind, to the heirs of my said son Robert Alfred Buckner, *which are born unto him in lawful wedlock, or to the descendants of such heirs so born in lawful wedlock, share and share alike therein,* but in case and in the event my beloved wife should outlive the child or children and issue born unto my son Robert Alfred, in lawful wedlock or their descendants, then the whole of my property of whatever character, nature or kind shall be my wife's absolutely and in fee simple, hereby giving and granting unto her full

power and authority to dispose of the same by gift, deed or will as she in her wisdom may then see proper to do.

"*And it is my will that in the event my said son Robert Alfred Buckner should die without any other issue born unto him in lawful wedlock* than his present son Quarles A. Buckner (my little grandson who now lives with me) and the said Quarles A. Buckner should outlive my beloved wife Martha Ann, and be the only lawful heir of my said son Robert Alfred Buckner, then I will, bequeath and devise unto him the said Quarles A. Buckner all the balance of the property hereinbefore devised to my wife or the proceeds thereof, which she may have at the time of her death." (Italics mine.)

The will was duly probated and the widow took possession of the estate and retained it until her death, October 22, 1892.

The year after his father's death, Robert A. Buckner married a second time, February 27, 1877. Of this marriage eight children were born and living when the widow and life tenant died, and three others were born after the death of the widow, but were living when this suit was begun, and four others were born who died without issue and intestate. The plaintiffs were born before the death of the widow of the testator. The other children are made defendants, four of them are minors and defend by a guardian *ad litem*.

The trial court held the devise in the will vested a life estate in the widow and afterwards vested the entire estate in such only of the children of R. A. Buckner as were born of his two marriages before the death of the widow and life tenant, and vested no interest or estate in those of his children born of his last marriage after the death of the life tenant. From that decree this appeal was duly taken by the minor defendants through their guardian *ad litem*.

OPINION.

BOND, J. (After stating the facts above).—The paramount purpose of the testator was to disinherit his own son and to give to the lawful offspring of that son the portion which was withheld from their father.

*Will:*
*Construction:*
*Devise to Class.*

This intention is displayed in the clause of the will directing the executrix to give his son five dollars and to take his receipt. And in the third clause of the will where there is a limitation over "to the heirs" of his son "born unto him in lawful wedlock" of the estate in the hands of the life tenant at her death.

The important question is to determine who were intended by these terms to become the owners of the remainder devised. At the death of the life tenant eight children of the son of the testator were then alive, and three others were subsequently born to him in lawful wedlock. The happening of these conditions necessarily exclude from review the provisions of the will creating under certain other contingencies, different devises of the estate after the life tenancy. The motive of this will was the substitution of the "heirs" or lawful children of the excluded son, for their father. There is no indication in the will that the testator designed to discriminate against any persons composing this class, or to except therefrom the children who might be born after the death of the life tenant. The natural sentiment of the testator would be one of equal affection and care for all of his grandchildren. That he did entertain this just feeling is shown by the fact that though there was only one grandchild when the will was made, and that one lived with him, yet he took the proper and reasonable view that others might be born who would have the same claims of relationship and upon his affections, and who should be treated with the same beneficence. He accordingly made the devise over to the "heirs" as one class. That he re-

fused to prefer the grandchild who then lived with him to others then unborn, is a circumstance strongly showing that it was not his intention to make preferences among his future grandchildren by giving those born at one time advantages over those born at another.

This conclusion also results from the language selected by him to carry the devise over. In that connection he chose the descriptive words of the devisees, to wit: ''Heirs of my said son Robert A. Buckner'', so that the persons to take under this limitation in addition to being born in lawful wedlock must be also *heirs* of his son. No one can be the heir of a living person. [Emmerson v. Hughes, 110 Mo. 1. c. 630.] Therefore the correct use of the term ''heirs'' necessarily implies in this will a class of persons made up of his children or their descendants at the death of R. A. Buckner, which fixes the time when the class shall be completed, which began with the birth of the first child and will ultimately consist of the children of R. A. Buckner born in lawful wedlock or their descendants who are alive when he shall die.

That the testator had this intention when making his will is further shown by the words of the last paragraph of clause three, where he devises over to the single grandchild (alive when the will was made) if he shall outlive the life tenant, and in the event R. A. Buckner ''should die without other issue born unto him in lawful wedlock'' than the said child. This language of the will clearly recognizes the intent of the maker that the class to take as remaindermen under the first limitation would comprehend all of the issue, children or descendants, of R. A. Buckner born in lawful wedlock and living at his death. For the alternative devise to the one grandchild is expressly conditioned to arise only upon the nonexistence of any grandchild or their descendants, at the death of R. A. Buckner.

We conclude that by the terms of his will the testator intended upon the happening of the facts agreed upon on the trial, that the final remaindermen of his estate should consist of all the children, born in lawful wedlock to his son R. A. Buckner or their descendants, at his death. And we hold that it was not the intention of the testator to exclude from participancy in the devise of said remainder interest, any of the children of his son born of a lawful marriage, whether before or after the death of the life tenant or their descendants. Unless this intention of the testator is opposed to some principle of public policy or rule of law governing devises of estates, it must be carried out. [R. S. 1909, sec. 583; Burnet v. Burnet, 244 Mo. 491, and cases cited.]

## II.

In this case the devise to the widow of an express life estate was coupled with a right to sell or convey, which she did not exercise. Hence the remainder over was not defeated. [Grace v. Perry, 197 Mo. 550.]

The general rule is that a devise or bequest to a class, if no time for vesting is fixed, will take effect at the death of the testator. But where the will either by express words or necessary implication, fixes a different time and the whole class is not then completed the devise or remainder will vest in those *then* existing who will hold it subject to be opened so as to let in afterborn persons who shall belong to the class at the time fixed by the will for its final completion.[Thomas v. Thomas, 149 Mo. l. c. 434; Buxton v. Kroeger, 219 Mo. l. c. 240; Carter v. Long, 181 Mo. l. c. 709; Gates v. Seibert, 157 Mo. l. c. 271.] Such limitations over are contigent remainders or executory devises as the case may be.

In the case at bar the limitation over became a vested remainder in the lawful children of R. A. Buckner at the death of the life tenant who took the

title, subject however, to an executory devise to such other children as should be born to him in lawful wedlock (Sullivan v. Garesche, 229 Mo. 1. c. 509), who when born will *eo instanti* become cotenants with those born before.

Under these authorities there is no difficulty in effectuating the plain intent of the testator as stated in the former paragraph of this opinion. The learned trial court should have adjudged that at the death of the widow and life tenant, the devise over vested title in the heirs of R. A. Buckner alive or their descendants, who took the same, subject to a possible diminution of the estate by the birth of other children, when the remainder would open and let in them or their descendants, as codevisees.

For his refusal so to hold, the case is reversed and remanded with directions to enter a decree in conformity with these views. All concur.