**HOUSTON et al. v. SCHUHMANN et al.**

No. 4544.

Court of Civil Appeals of Texas. Amarillo.

March 9, 1936.

Rehearing Denied April 13, 1936.

W. T. Williams and G. A. Martins, both of Austin, for appellants.

W. Trenckmann, of Austin, for appellees.

MARTIN, Justice.

Appellant and appellees are the grandchildren of Mrs. Victorine Houston, who died testate in 1923. Appellant, son of Tom Houston, was born long after the death of testatrix, and the payment of all the debts against her estate. Appellees contended below, and the trial court held, that appellant had no interest in the estate of testatrix under the following will and codicils:

"At home, in view of the uncertainty of life and the certainty of death, I, Victorine Houston, wife of T. J. Houston, deceased, now make my last will and testament: To Beulah P & Dewitt I give them anything in my house they need or such things as belonged to their mother. To my son Tom, I give all my personal property, all my money, I may have in Bank or any where else, except $300. to fix up our burying ground & if the money is not on hand it is to be saved up out of the Estate. To be paid out on the graves as soon as made or collected, if the graves & fence & tomb-

stones are not put there in my lifetime, not less than $400. but more if needed  If I am in debt at the time of my death, I want my son Tom Houston to take all the land I own not heretofore deeded or given away and have it well worked until I am entirely out of debt, and then divide it or the income out of it into 8 shares himself, Tom, Lawrence, Nellie V., Charles H., Bessie, Hazel, his children & also Dewitt T. and Beulah P., Houston, children of my son Andrew deceased. This land my 2 farms here joining on the Navarro Grant is the land. I give it all to my son Tom, and he is to give the income to these 8 heirs without bond, and the land is not to be sold to any one under 99 years and if one of the heirs die, it is to go to the other 7 and on and if they all die, it is to go to the next of kin. It is never to be worked, or controlled or owned by a negro, I mean the next of kin to the heirs that I leave it to, if any of these 8 heirs are dissatisfied with this will of mine, and go to law, then they are not have anything at all. They are to be shut out. Hope they will be satisfied as it will give them something to live on every year, after all my debts are paid, if I buy any more land it is to be managed the same way by my son Tom without bond. If my son Tom is not living it is to be managed by Dewitt T. Houston & if he is not living it is to be managed by Charlie H. Houston, and if he is not living Laurence V. Houston, these my grand sons to give bond, but my son Tom not to give bond. Everything else I may have at the time of my death, not named here, tax titles or any land or money or anything else, Real or Personal is to go to my son Tom without any restriction whatever. Hoping this will please all I say Good Bye, Live in Peace with one another, and Love & Serve God. Meet me in a Better World, This is without, In ——— Witness. My own handwriting.

"[SGD]  Victorine Houston.

"Codicil to this will I have abandoned the Select Knights & Nellie will not get that money and have also sold the Bastrop land to Dewitt Houston so I will mark both out. This March 25th, 1911.

"[Sgd]  Victorine Houston.

"This will is written wholly by myself, not dictated by anyone, and alone and no one has ever seen it. After 99 yrs. expires the land that the graves are on is never to be sold as long as time lasts. This is a

Codicil to this will, written the same day of the other Codicil. March 25th, 1911.

"[Sgd] Victorine Houston.

"Codicil. I bought the Petes Prairie Land back from Dewitt T. Houston and the land is to go back to my Estate, the same as my other lands. And Beulah & Dewitt are to have anything in my house that they want, nothing is to be burned. This December 4th 1916.

"Victorine Houston.

"Each child separately.

"If my son Tom has any more children born in wedlock they are to come in according to their ages, if they are considered of sound mind. By next of kin I mean next of kin to these my heirs not next of kin to me. This is a codicil to my will.

"[Sgd] Victorine Houston."

Said will, with its codicils, was duly probated and Tom Houston was appointed and duly qualified and acted as executor of said estate. On the date of the last codicil Tom Houston was a married man. His wife was then forty-five years old. He was divorced from her in 1917. There were seven grandchildren living on the date of the death of testatrix, all named in said will. These, with Tom Houston, were given the entire estate by the trial court. Tom Houston married in 1931 and appellant was lawfully born of this marriage, and was of sound mind. He claims here an equal undivided interest with testatrix' other grandchildren in the real estate owned by Victorine Houston at her death. His claim was denied in toto by the trial court. We are of the opinion that the trial court erred in denying his claim, and that he is not precluded by the terms of said will from participation therein.

Before passing to a consideration of the controlling question in this case, we advert briefly to preliminary questions, which will probably occur to the ordinary student of this opinion.

All parties agree, and same is not here in issue, to the following three legal propositions concerning said will:

(1) That the quoted instrument is sufficient as a will.

(2) That its provisions in restraint of alienation of the real estate, and its attempt to create a perpetual trust for the time indicated, violate the rule against perpetuities and are therefore void.

(3) That a sufficiently valid portion thereof remains to show an intent to perpetually vest in the named beneficiaries and their heirs the entire rents from the real estate in question which in itself is equivalent to a gift of the land. Gidley v. Lovenberg, 35 Tex.Civ.App. 203, 79 S.W. 831, 835 (writ ref.); 28 R.C.L. p. 239; 69 C.J. p. 782.

Appellees contend that testatrix fixed the time of vesting of the estate in her named grandchildren as of the time of her death and in no event later than the payment of her debts, and that a child born to Tom after such dates is excluded as a beneficiary thereunder. As has been many times stated, fact cases are of little value in passing on such a question. This because they differ widely in their facts, and after all the cardinal rule which controls all others is the ascertainment of the intention of the testator. When ascertained, it must be given effect if not in contravention to public policy or some rule of law. 69 C.J. p. 52.

What was the situation of testatrix when the last codicil, providing for after-born children of her son Tom, was written? Tom, apparently, was her only living child. She loved and trusted him implicitly as is abundantly shown by the terms of the will. He had a wife, then forty-five, with whom he did not get along, as is shown by the fact that almost immediately thereafter he was divorced from her. From 1917 to 1923, he lived single, yet testatrix died in 1923, permitting her last words concerning the estate to stand unaltered, viz.: "If my son Tom has any more children born in wedlock they are to come in according to their ages, if they are considered of sound mind." Tom did not marry again until 1931. Could it be seriously doubted that Tom's mother, the testatrix, thought when she wrote said codicil and thought when she died that Tom might marry again, and have other children? His wife in 1916 was then forty-five years of age, already at the time of life when children are not to be expected. Undoubtedly she had something in mind, when as an afterthought she finally added the last codicil quoted above, and which has furnished the basis for this controversy. Did she then know of Tom's domestic troubles? Undoubtedly, as they were practically contemporaneous with said codicil. If she then contemplated a possible second marriage of a son whom she loved and trusted, and provided that the children of such marriage should share equally with her other grandchildren, what

rule of law or of public policy do we contravene in giving effect to such intention? We have searched the "dusty records of dead quarrels" between heirs, with which our jurisprudence is full to overflowing, and find none. Nor are we lacking in a multitude of precedents to sustain our conclusion.

The trial court apparently gave to the will its legal effect considered alone, and without regard to the last codicil:

"So far as practicable, the provisions of will and codicil should be reconciled as one consistent whole, giving effect to every part; but where will and codicil are irreconcilable, the latter will prevail." 69 C. J. p. 122.

Appellees rely strongly on the case of Thomas v. Thomas, 149 Mo. 426, 51 S. W. 111, 73 Am.St.Rep. 405, by the Missouri Supreme Court. This case, and many others of like character, merely announce the general rule that where a time for distribution of the estate is fixed after the death of the testator, the gift will embrace only the members of the class in esse at the time fixed for such distribution and will not let in after-born children. The same court in the later case of Buckner v. Buckner, 255 Mo. 371, 164 S.W. 513, passed upon the identical question in our opinion we have here. We quote from its opinion:

"The general rule is that a devise or bequest to a class, if no time for vesting is fixed will take effect at the death of the testator. But where the will either by express words or necessary implication fixes a different time, and the whole class is not then completed, the devise or remainder will vest in those then existing who will hold it subject to be opened so as to let in after-born persons who shall belong to the class at the time fixed by the will for its final completion. Thomas v. Thomas, 149 Mo. [426], loc. cit. 434, 51 S. W. 111, 73 Am.St.Rep. 405; Buxton v. Kroeger, 219 Mo. [224], loc. cit. 240, 117 S.W. 1147; Carter v. Long, 181 Mo. [701], loc. cit. 709, 81 S.W. 162; Gates v. Seibert, 157 Mo. [254], loc. cit. 271, 57 S.W. 1065, 80 Am.St.Rep. 625. * * *

"The learned trial court should have adjudged that, at the death of the widow and life tenant, the devise over vested in title in the heirs of R. A. Buckner alive or their descendants, who took the same, subject to a possible diminution of the estate by the birth of other children, when the remainder would open and let in them or their descendants, as codevisees." 255 Mo. 371, 164 S.W. 513, at page 515.

The general rule supported by a host of authorities is thus statd in 69 C. J. pp. 650, 651: "An estate vesting in the class members in existence at the time of the testator's death will open and let in children born after the death of the testator and prior to the time of distribution. A contingent estate becoming vested, on the birth of a member of the class after the testator's death will open up to let in after-born children prior to the expiration of the preceding estate."

See, also, Shuler on Wills, vol. 2, §§ 1290, 1295.

If we fix arbitrarily the time for distribution of this estate as either the death of testatrix or the payment of her debts, and give it the effect claimed by appellees, we judicially destroy the last codicil, and make the terms of the original will control it, which is precisely what we are not allowed to do. Moreover, we attribute to the testatrix a desire and intent to discriminate between her grandchildren and to disinherit one of them. We would do this in the face of the last command of her will, which is in effect that after-born children of her son Tom, born in lawful wedlock and of sound mind, will share equally with her other grandchildren.

We think the Buckner Case, supra, correctly states the law applicable here.

The trial court held that appellant was not a devisee under said will. We hold that he is, and will not discuss questions that are answered by this holding, nor those which may be purely academic on another trial.

Tom Houston is now dead.

The issues appear to be such as require another trial, and we decline to reverse and render.

Reversed and remanded.

On Motion for Rehearing.

In our original opinion, we copied verbatim the will and its codicils, as they appeared in the statement of facts. Counsel for all parties here have filed an agreement that the last codicil in fact bore the date of March 25, 1911, and by inadvertence such date was omitted from the statement of facts on file here. Motion for certiorari is made to correct the record. We overrule this motion, as it would ef-

fect only some of the language of the opinion with out changing our conclusion. The last codicil follows one dated December 4, 1916. The testatrix must have interlined such codicil above the last one. She therefore in 1916 reaffirmed in effect the codicil giving to the children of Tom Houston an interest in her estate. This was in truth, though not literally, one of her last earthly commands. Our decision makes it effective. To do less, is to ignore her plain 'intent. To sustain appellees, is to exalt technical man-made rules of construction above the cardinal rule governing all others, viz., to ascertain the real intent of the testator and to give it effect, when not in contravention to some law or public policy.

Motion overruled.