ACCEPTED
13-14-00667-CV
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
5/1/2015 3:15:39 PM
DORIAN RAMIREZ
CLERK

No. 13-14-00667-CV

Court of Appeals, Thirteenth District
Corpus Christi – Edinburg, Texas

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
5/1/2015 3:15:39 PM
DORIAN E. RAMIREZ
Clerk

In the Estate of
Mildred Ozella Favor Pursley,
a.k.a. Mildred F. Pursley, Deceased

Appeal from the Probate Court
Hidalgo County, Texas
Cause No. P-34,801-A

REPLY BRIEF OF APPELLANT

**J. Joseph Vale**
State Bar No. 24084003
jvale@atlashall.com
**Charles C. Murray**
State Bar No. 14719700
ccmurray@atlashall.com
**ATLAS, HALL & RODRIGUEZ, LLP**
818 Pecan/P.O. Box 3725
McAllen, Texas 78501
(956) 682-5501 (phone)
(956) 686-6109 (facsimile)

Attorneys for Rocky Joe Pursley

May 1, 2015                                **Oral Argument Requested**

# Table of Contents

Index of Authorities ......................................................................................3

Summary of the Reply ..................................................................................6

Argument.........................................................................................................8

    I.      Assuming for purposes of argument that the 1975 Will is contractual, the 2007 Will and 2010 Codicil do not breach that contract as a matter of law.................................................................8
            A.    Introduction. ...............................................................................8
            B.    Harold, Jr., and Rolland's pretermission argument. ...................9
            C.    The phrase "any child or children" means what it says............11
            D.    Conclusion. ...............................................................................14

    II.    The Court must determine whether the 1975 Will is ambiguous. .......15

    III.   Conclusion.................................................................................17

Prayer ..............................................................................................................18

Certificate of Rule 9.4(i) Compliance...................................................................19

Certificate of Service .......................................................................................20

Appendix ..........................................................................................................21

## Index of Authorities

<u>Cases</u>

*Baylor Univ. v. Sonnichsen*,
221 S.W.3d 632 (Tex. 2007) (per curiam) ..........................................................15

*Boone v. Stone*,
142 S.W.2d 936 (Tex. Civ. App.—Fort Worth 1940, writ dism'd).....................12

*DaimlerChrysler Motors Co. v. Manuel*,
362 S.W.3d 160 (Tex. App.—Fort Worth 2012, no pet.) ....................................11

*Guilliams v. Koonsman*,
279 S.W.2d 579 (Tex. 1955) ........................................................................ 11–12

*Houston v. Schuhmann*,
92 S.W.2d 1086 (Tex. Civ. App.—Amarillo 1936, writ ref'd)..................... 13, 14

*In re Agresti*,
Nos. 13-14-00126-CV, 13-14-00149-CV, 13-14-00154-CV, 13-14-00168-
CV, 2014 Tex. App. LEXIS 5689, 2014 WL 3408691 (Tex. App.—
Corpus Christi May 29, 2014, orig. proceeding) (mem. op.)...............................11

*Jones v. Villareal*,
No. 13-12-00166-CV, 2013 Tex. App. LEXIS 1782, 2013 WL 656839
(Tex. App.—Corpus Christi Feb. 21, 2013, pet. granted, judgm't vacated
w.r.m.) (mem. op.)........................................................................................16–17

*Mitchell v. Mitchell*,
244 S.W.2d 803 (Tex. 1951) ...............................................................................13

*Morris v. Williams*,
92 S.W.2d 541 (Tex. Civ. App.—Dallas 1936, writ ref'd)..................................12

*Progressive Cnty. Mut. Ins. Co. v. Kelley*,
284 S.W.3d 805 (Tex. 2009) (per curiam) ..........................................................16

*Sinnott v. Gidney*,
322 S.W.2d 507 (Tex. 1959) ...............................................................................14

*Sullivan v. Skinner*,
  66 S.W. 680 (Tex. Civ. App. 1902, writ ref'd) ......................................................12

*UMLIC VP LLC v. T&M Sales & Envtl. Sys.*,
  176 S.W.3d 595 (Tex. App.—Corpus Christi 2005, pet. denied) ........................15


<u>Statutes</u>
Tex. Estates Code Ann. § 255.051 ........................................................................10

No. 13-14-00667-CV

Court of Appeals, Thirteenth District
Corpus Christi – Edinburg, Texas

---

In the Estate of
Mildred Ozella Favor Pursley,
a.k.a. Mildred F. Pursley, Deceased

---

Appeal from the Probate Court
Hidalgo County, Texas
Cause No. P-34,801-A

---

REPLY BRIEF OF APPELLANT

---

Appellant Rocky Joe Pursley files this Reply Brief pursuant to Rule 38 of the Texas Rules of Appellate Procedure. Parties will be referred to as in the trial court or by name. References to the Clerk's Record will be to {volume}CR{page}, and references to the Appendix will be to App{tab}.

## Summary of the Reply

The heart of the dispute between Rocky and his brothers is whether their parents' joint 1975 Will allows the surviving parent to choose which child or children will receive the remaining estate in a new will or codicil. The trial court's summary judgment in favor of Rocky's brothers Harold, Jr., and Rolland cannot be affirmed unless Harold, Jr., and Rolland demonstrate as a matter of law both that the 1975 Will is a contract and that it requires the remaining estate to go to all three sons, share and share alike. Harold, Jr., and Rolland have failed to meet this burden, and as a result, the trial court's summary judgment must be reversed.

Harold, Jr., and Rolland assert that their parents, Harold, Sr., and Mildred, intended to shackle whichever parent survived to a specific, non-discretionary testamentary plan for the rest of the survivor's life, which in this case was more than three decades. Specifically, Harold, Jr., and Rolland argue that, as a matter of law, their parents intended for the remaining estate to go to the three sons equally after the surviving spouse died. To succeed with this argument, Harold, Jr., and Rolland must overcome a daunting obstacle in the 1975 Will's language: they must demonstrate that the testators intended two different provisions with remarkably different language to have the same meaning. As shown in their brief before this Court and discussed below, the 1975 Will's language proves insurmountable for Harold, Jr., and Rolland. *See* Argument § I.

In an attempt to lessen their burden as summary judgment movants, Harold, Jr., and Rolland claim the Court cannot consider whether the 1975 Will is ambiguous. In addition to the undisputable fact that Rocky asserted ambiguity in his pleadings as an alternative argument, this argument lacks merit. First, as discussed below, Rocky did not waive his ambiguity point. Second, Harold, Jr., and Rolland are incorrect in contending that the trial court's summary judgment can stand even if the 1975 Will is ambiguous. Even if no party had raised ambiguity, the Court would still need to determine whether the 1975 Will is ambiguous to resolve this appeal and would have the power to raise ambiguity *sua sponte*. *See* Argument § II.

As to Rocky's argument that the 1975 Will is not contractual, Rocky stands on his opening brief in this Court. Even if the 1975 Will is contractual, however, Mildred did not breach that contract. Because Harold, Sr., and Mildred agreed to allow the surviving spouse discretion to choose which child or children received the remaining estate, Mildred was within her right to execute the 2007 Will and 2010 Codicil, which did not give the remainder of the estate to all the children in equal shares. Rocky asks this Court to enforce his parents' intent and to reverse the trial court's summary judgment against him.

**Argument**

## I. Assuming for purposes of argument that the 1975 Will is contractual, the 2007 Will and 2010 Codicil do not breach that contract as a matter of law.

### A. Introduction.

Harold, Jr., and Rolland are saddled with the unenviable burden of demonstrating, as a matter of law, that Harold, Sr., and Mildred intended for two different provisions of the 1975 Will with strikingly different language to have the same meaning—that is, to give the remaining estate to all three children, share and share alike. In their brief before the Court, Harold, Jr., and Rolland fail to meet this burden, and as a result, the trial court erred in granting their summary judgment motion.

Paragraph IV of the 1975 Will of Harold, Sr., and Mildred states that upon the death of the survivor of them, the remaining estate shall go to and vest in "any child or children of this marriage." 1CR57–58. Harold, Jr., and Rolland contend that this will is contractual, meaning that the survivor is prohibited from creating a new will that disposes of the remaining estate in any way other than to "any child or children of this marriage." *See* Appellees' Brief 31–46. A subsequent will and codicil of the survivor, Mildred, devised the property to two children of the marriage, Rocky and Rolland. 1CR77, 83. These gifts were not in equal shares, and no property was left to the remaining child, Harold, Jr. *See* 1CR77, 83.

8

Rocky contends that even if the 1975 Will is contractual, Mildred did not breach it. *See* Appellant's Brief 24–33. This is because the provision means what it says; that is, the survivor has the discretion to give the property to one or more of the children and is not required to give it in equal shares. *Id.* Harold, Jr., and Rolland argue that the language "any child or children" implies that the property must go to all of the children in equal shares. Appellees' Brief 46–57.

Paragraph V of the 1975 Will presents a major problem for this argument of Harold, Jr., and Rolland. *See* 1CR58. This paragraph provides that if Harold, Sr., and Mildred both die in the same accident or within the same week, the property goes to "our beloved children, HAROLD WAYNE PURSLEY, JR., ROLLAND HUGH PURSLEY AND ROCKY JOE PURSLEY, share and share alike." 1CR58. Thus, Paragraph V demonstrates that when Harold, Sr., and Mildred wanted to provide that all three children inherit in equal shares, they knew how to say so with unmistakable clarity. However, they did so only in connection with Paragraph V and not in connection with Paragraph IV, the provision at issue. 1CR57–58.

**B.     Harold, Jr., and Rolland's pretermission argument.**

Late in their brief, Harold, Jr., and Rolland finally turn to the question of why the language of Paragraph V was not also used in Paragraph IV. They speculate the reason is the "likely" concern about the possibility of a pretermitted

child. *See* Appellees' Brief 53–54. A pretermitted child is a child born to or adopted by the testator after a will is executed. *See* Tex. Estates Code Ann. § 255.051/AppA. Even assuming that the possibility of another child was utmost in the minds of testators the age of Harold, Sr., and Mildred,[1] this argument is unpersuasive.

Harold, Jr., and Rolland suggest that the language of Paragraph V was not used in Paragraph IV because to do so would have resulted, under the pretermission statute, in a pretermitted child receiving part of the bequest intended for the survivor. Appellees' Brief 54. This speculation is totally implausible. If Harold, Sr., and Mildred had been concerned about a pretermitted child, that concern could have been addressed by using the Paragraph V language in Paragraph IV and simply adding the words "and any children born to or adopted by us after the date of this will." It makes no sense that testators motivated to avoid the pretermission statute would have done so in language completely different from the clear language of Paragraph V.

Furthermore, if Harold, Sr., and Mildred really thought that the language of Paragraph IV clearly provided that the remaining estate should go to all of their children, share and share alike, they would have used the Paragraph IV language in Paragraph V rather than going to the trouble of using substantially different

---

[1] Harold, Sr., was between 55 and 57 years old at the time of the 1975 Will. *See* 1CR61. Mildred was between 45 and 47 years old at such time. *See* 1CR5.

language in Paragraph V to express the same desire. In short, the pretermission argument does not explain why the language in Paragraphs IV and V differs. This argument falls drastically short of meeting Harold, Jr., and Rolland's burden to establish their interpretation as a matter of law.

Courts should presume that when parties use different language in different places of a contract, the difference is intentional. *See DaimlerChrysler Motors Co. v. Manuel*, 362 S.W.3d 160, 184–85 (Tex. App.—Fort Worth 2012, no pet.); *see also In re Agresti*, Nos. 13-14-00126-CV, 13-14-00149-CV, 13-14-00154-CV, 13-14-00168-CV, 2014 Tex. App. LEXIS 5689, at *22–26, 2014 WL 3408691 (Tex. App.—Corpus Christi May 29, 2014, orig. proceeding) (mem.op.). In the present case, that presumption stands unrebutted.

### C.    The phrase "any child or children" means what it says.

According to Harold, Jr., and Rolland, legal authorities firmly establish the principle that the language "'any child or children' *implies* (emphasis added) a gift to **all** (emphasis original) the living children." Appellees' Brief 50. They cannot explain why the attorney drafting the 1975 Will would rely upon what they admit is an implication rather than the crystal clear language used in Paragraph V.

Further, the authorities cited by Harold, Jr., and Rolland provide very weak support for this supposed principle. In both *Guilliams* and *Boone*, there was only one possible child to which the language applied. *Guilliams v. Koonsman*, 279

11

S.W.2d 579, 581 (Tex. 1955); *Boone v. Stone*, 142 S.W.2d 936, 938 (Tex. Civ. App.—Fort Worth 1940, writ dism'd); *see* Appellees' Brief 40–41. In *Sullivan*, the question was whether a debtor husband had any interest in rent from his wife's separate property when that rent was sought by a creditor via a writ of garnishment. *Sullivan v. Skinner*, 66 S.W. 680, 681–82 (Tex. Civ. App. 1902, writ ref'd); *see* Appellees' Brief 42. In *Morris*, the question was whether the reference to "child or children" in the intestacy statutes included just minor children or adult children as well. *Morris v. Williams*, 92 S.W.2d 541, 543–44 (Tex. Civ. App.— Dallas 1936, writ ref'd); *see* Appellees' Brief 39. Thus, the issue of how the language "any child or children" should be applied in the event of multiple children is not presented in *any* of these cases. The only other authority cited by Harold, Jr., and Rolland for this supposed principle is the intestacy statute, Section 201.002 of the Texas Estates Code. Appellees' Brief 42. Of course, the present case does not concern intestacy.

Even if dictum from these cases, one of which is over a century old and all of which are more than a half-century old, together with an irrelevant statute, do establish that "child or children" generally means all children, that principle is not applicable in the present case. First, none of these authorities concern contractual wills, and contractual wills are disfavored and should be construed narrowly. *See* Appellant's Brief 27–29. Secondly, even Harold, Jr., and Rolland concede that

12

their principle should not be applied when the context shows a clear intention to the contrary. Appellees' Brief 51–52 (citing *Mitchell v. Mitchell*, 244 S.W.2d 803, 806 (Tex. 1951)). In the present case, the differences between Paragraphs IV and V show a clear intention to the contrary. 1CR57–58; *see supra* § I.B.

Rocky's position is also supported by the 1975 Will's provision concerning vesting. In that connection, the Will provides as follows: "[U]pon the death of such survivor, any of such estate then remaining shall go and *vest* in any child or children of this marriage." 1CR57–58 (emphasis added). The fact that the 1975 Will provides that vesting does not take place until the death of the survivor makes sense only if the survivor, as Rocky argues, has discretion in apportioning the bequest among one or more of the children. Harold, Jr., and Rolland argue that the will is contractual and that the survivor has no discretion. If that were true, there is no reason to expressly delay vesting until the death of the survivor.

Harold, Jr., and Rolland contend that vesting occurred at the death of Harold, Sr. *See* Appellees' Brief 47–48 (citing *Houston v. Schuhmann*, 92 S.W.2d 1086, 1089 (Tex. Civ. App.—Amarillo 1936, writ ref'd)). However, as the following language of *Houston* indicates, the general rule that vesting takes place at the death of the testator applies only when the will does not fix the time for vesting: "The general rule is that a devise or bequest to a class, *if no time for*

*vesting is fixed* will take effect at the death of the testator." *Houston*, 92 S.W. 2d at 1089 (emphasis added).

Harold, Jr., and Rolland characterize the argument as whether Mildred had "the right to unilaterally disregard her husband's wishes." Appellees' Brief at 22. That formulation merely begs the question. The correct formulation is whether the testators intended to contract away their right, as survivor, to give the property to one or more of the children in shares deemed appropriate by the survivor.

Harold, Jr., and Rolland cite *Sinnott v. Gidney*, 322 S.W.2d 507, 512 (Tex. 1959) for the proposition that in a case of real doubt, a construction that gives equal treatment to all heirs of the same class is favored. Appellees' Brief 45. *Sinnott*, however, is inapplicable. It does not deal with contractual wills, which are strictly construed. *See Sinnott*, 322 S.W.2d at 509; Appellant's Brief 27–29. Moreover, as demonstrated above and in Rocky's Brief of Appellant, there is no real doubt as to the meaning of Paragraph IV's "any child or children" language in the present case. *See supra* § I.B; Appellant's Brief 24–33.

### D.    Conclusion.

Even if the 1975 Will is contractual, Mildred did not breach that contract in her subsequent will and codicil. The testators did not contract away their right, as survivor, to give the property to one or more of the children in shares deemed

14

appropriate by the survivor. In fact, they specifically contracted for the surviving spouse to have that ability.

## II.    The Court must determine whether the 1975 Will is ambiguous.

Rocky did not waive his alternative argument of ambiguity, and even if Rocky had never raised ambiguity, this Court would still need to address ambiguity.

The specificity of Rocky's pleading is subject to the fair notice pleading rule that liberally construes all pleadings in favor of the pleader. *UMLIC VP LLC v. T&M Sales & Envtl. Sys.*, 176 S.W.3d 595, 609 (Tex. App.—Corpus Christi 2005, pet. denied). Any objection to the specificity of Rocky's pleading should have been made via special exception. *See Baylor Univ. v. Sonnichsen*, 221 S.W.3d 632, 635 (Tex. 2007) (per curiam) (explaining that parties should use special exceptions when they believe that a pleading is not clear or sufficiently specific). Rocky undisputedly pleaded ambiguity, and Harold, Jr., and Rolland made no exception to Rocky's pleading. 1CR95–96, 2CR234–35 (pleading); Appellees' Brief 27 (acknowledging pleading).

Harold, Jr., and Rolland claim that Rocky "conceded that there are no fact issues to be decided by the jury." Appellees' Brief 28. This assertion is false under the record. Rocky's counsel never agreed that no fact issues remained in this case, and accordingly Harold, Jr., and Rolland cite nothing in the record where

15

Rocky's counsel made such a concession. Instead Harold, Jr., and Rolland cite their own counsel's statement, but Rocky's counsel never agreed with that statement. Appellees' Brief 29 (citing 2CR250). The unilateral statement of Harold, Jr., and Rolland's counsel at the end of a pre-trial hearing concerning the remaining proceedings does not constitute an agreement of the parties or a concession on Rocky's behalf. *See* 2CR253. As a result, no waiver of Rocky's live pleadings occurred.

Even if Rocky had never raised ambiguity in the trial court or on appeal, however, the Court would still need to determine whether the 1975 Will is ambiguous. *Progressive Cnty. Mut. Ins. Co. v. Kelley*, 284 S.W.3d 805, 808 (Tex. 2009) (per curiam) (finding ambiguity though neither party raised it). Ambiguity is a question of law to be decided by the Court. *Id.* When a contract contains an ambiguity, the granting of a motion for summary judgment is improper because the interpretation of the instrument becomes a fact issue. *Id.* at 809. Accordingly Harold, Jr., and Rolland, as summary judgment movants, had the burden to prove the 1975 Will was not ambiguous as a matter of law. *See id.* at 808–09. As a result, this Court must determine whether the contract is ambiguous, and even if no party had argued ambiguity, this Court would have the power to raise the issue itself to resolve the appeal. *Id.*; *Jones v. Villareal*, No. 13-12-00166-CV, 2013 Tex. App. LEXIS 1782, at *17, 2013 WL 656839 (Tex. App.—Corpus Christi Feb.

16

21, 2013, pet. granted, judgm't vacated w.r.m.) (mem. op.) ("The issue of contractual ambiguity may be considered sua sponte by a reviewing court.").

## III. Conclusion

Even if the 1975 Will is contractual, its language shows that Harold, Sr., and Mildred intended to allow the survivor to choose which child or children received the remaining estate. A key factor in understanding the 1975 Will is the difference in the language between Paragraphs IV and V. Harold, Jr., and Rolland cannot provide a convincing explanation for why these two paragraphs should have the same effect. In the alternative, the meaning of the 1975 Will is ambiguous. In either case and for the additional reasons stated in Rocky's opening brief, the trial court's summary judgment must be reversed.

## Prayer

For the foregoing reasons, Rocky requests that this Court reverse the trial court's imposition of a constructive trust and render judgment either (1) that the 1975 Will is not contractual or (2) that such contract was not breached. As a result, the case should be remanded for further proceedings, including proceedings on the issue of undue influence.

Alternatively, Rocky requests that this Court reverse the trial court's imposition of a constructive trust and render judgment that the 1975 Will is ambiguous either as to (1) whether the 1975 Will is contractual or (2) whether that alleged contract was breached. As a result, the case should be remanded for trial on parol evidence.

Respectfully submitted,

Atlas, Hall & Rodriguez, LLP
818 Pecan/P.O. Box 3725
McAllen, Texas 78501/78502
(956) 682-5501 (phone)
(956) 686-6109 (facsimile)


By: /s/ J. Joseph Vale
　　　**J. Joseph Vale**
　　　State Bar No. 24084003
　　　jvale@atlashall.com
　　　**Charles C. Murray**
　　　State Bar No. 14719700
　　　ccmurray@atlashall.com

Attorneys for Appellant Rocky Joe Pursley

18

## Certificate of Rule 9.4(i) Compliance

In compliance with Texas Rule of Appellate Procedure 9.4(i)(3), I certify that the number of words in this Brief of Appellant, excluding those matters listed in Rule 9.4(i)(1), is 2,940 words per the word processing program used for its preparation (Microsoft Word).

/s/ J. Joseph Vale
J. Joseph Vale

## Certificate of Service

I certify that the foregoing document was electronically filed with the Clerk of the Court using the electronic case filing system of the Court. I also certify that a true and correct copy of the foregoing was served on the following counsel of record on May 1, 2015 as follows:

| Recipient: | Attorney for: | Served by: |
|---|---|---|
| Edmundo O. Ramirez (eor@ekrattorneys.com) Minerva I. Zamora (miz@ekrattorneys.com) Daniel Koeneke (daniel@ekrattorneys.com) **ELLIS, KOENEKE & RAMIREZ L.L.P.** 1101 Chicago Avenue McAllen, Texas 78501 Facsimile: (956) 682-0820 | Appellees, Harold Wayne Pursley, Jr., and Rolland Hugh Pursley | Electronically if available, or by facsimile |
| Marlane A. Meyer (mmeyer308@aol.com) **MEYER & GUERRERO, L.L.P.** 308 N. 15th Street McAllen, Texas 78501 Facsimile: (956) 631-1489 | Temporary administrator, PlainsCapital Bank | Electronically if available, or by facsimile |

/s/ J. Joseph Vale
J. Joseph Vale

20

**Appendix**

| Tab | Date | Document |
|-----|------|----------|
| A | — | Tex. Estates Code Ann. § 255.051 |

TAB A

OF THE APPENDIX

**Texas Statutes and Codes** > **ESTATES CODE** > **TITLE 2. ESTATE OF DECEDENTS; DURABLE POWERS OF ATTORNEY** > **SUBTITLE F. WILLS** > **CHAPTER 255. CONSTRUCTION AND INTERPRETATION OF WILLS** > **SUBCHAPTER B. SUCCESSION BY PRETERMITTED CHILD**

## § 255.051. Definition

In this subchapter, "pretermitted child" means a testator's child who is born or adopted:

**(1)** during the testator's lifetime or after the testator's death; and

**(2)** after the execution of the testator's will.

## History

Enacted by Acts 2009, 81st Leg., ch. 680 (H.B. 2502), § 1, effective January 1, 2014.

LexisNexis ® Texas Annotated Statutes
Copyright © 2015 by Matthew Bender & Company, Inc. a member of the LexisNexis Group All rights reserved.