Norma WIEMERS et al., Petitioners,

v.

Edwin J. WIEMERS et al.,
Respondents.

No. C–2675.

Supreme Court of Texas.

Oct. 31, 1984.

Rehearing Denied Feb. 6, 1985.

Brite, Drought, Bobbitt & Halter, James L. Drought and Calhoun Bobbitt, San Antonio, for petitioners.

Porter, Madalinski, Mayo, Salyer & Sims, Robert P. Sims, Jack B. Sims, San Antonio, for respondents.

CAMPBELL, Justice.

This is a declaratory judgment action to determine whether the George H. Wiemers and Ida J. Wiemers joint will is contractual. Wesley C. Wiemers, deceased, is the named beneficiary of the real property. His widow, Norma, and their children bring this suit. Respondents, Edwin J. Wiemers et al., are beneficiaries of a will executed by Ida J. Wiemers after the death of her husband George. The trial court held the will was not contractual and rendered judgment for Edwin. The court of appeals affirmed the trial court judgment. 663 S.W.2d 25. We reverse the judgments of the trial court and the court of appeals and declare the will contractual.

The 1951 joint will provides:

... [W]e, Geo. H. Wiemers and Ida J. Wiemers, husband and wife, ... desirous of settling our worldly affairs ... do hereby make, publish and declare this instrument to be *our joint and individual* last will and testament, that is, it expresses *our joint wishes and desires,* ... and is to be probated ... as the *last will and testament of each of us* .... (emphasis added).

### FIRST

It is *our joint will and desire* that the *survivor* of our marital union shall have and be entitled to the full possession, use and enjoyment of *all property, real and personal, separate and community which we or either of us may own at the time of death of the one who dies first;* and that *at the time* of the *death of the survivor* of our union, aforesaid, that *the*

*whole of our real estate,* ... shall pass to and vest, in fee simple, to our son, Wesley C. Wiemers, subject, however, to the payment by him, ... the sum of Five Hundred (500) Dollars, to each of our other children ... within six months from the date of the *death* of the *surviving spouse herein* ....

### SECOND

In *accordance with* the *aforesaid joint wish and desire* of the undersigned, *I,* the said *Geo. H. Wiemers,* do hereby *give, devise and bequeath to my beloved wife, Ida J. Wiemers,* a *life estate* in and to the 125 acres of land, ... for and during the balance of her life, to have, hold, possess and enjoy until her death; and I do hereby *give, devise and bequeath to my son, Wesley C. Wiemers,* the whole of the *remainder interest* in and to *my part and portion* of said 125 acres and improvements thereon, ... subject, however, to the payment by him, the said Wesley C. Wiemers, of the sum of Five Hundred (500) Dollars, within six (6) months from the date of his mother's death ....

### THIRD

And I, the said *Ida J. Wiemers,* in *accordance with* the *aforesaid joint wish and desire* of the undersigned, do hereby *give, devise and bequeath to my beloved husband, Geo. H. Wiemers,* a *life estate* in and to the said 125 acres of land, ... for and during the balance of his life, to have, hold, possess and enjoy until his death; and I do hereby *give, devise and bequeath to my son, Wesley C. Wiemers,* the whole of the *remainder interest* in and to *my part and portion* of the aforesaid 125 acres of land and improvements thereon, ... subject, however, to the payment by him, the said Wesley C. Wiemers, of the sum of Five Hundred (500) Dollars to each of my other four children ....

George Wiemers died January 27, 1960, and the joint will was probated. Ida Wiemers executed a new will on May 16, 1972, which attempted to revoke the 1951 joint will. The 1972 will provided that three of her children, Edwin Wiemers, Minnie Buss, and Milton Wiemers, would each get an undivided one-fourth interest in her community share of the real and personal property. Ida devised the remaining undivided one-fourth interest of her community share to Wesley's two daughters, Dorothy Fowler and Evelyn Grell.

In 1980 Wesley, beneficiary of the real property under the 1951 joint will, predeceased his mother, Ida. He was survived by his widow, Norma, and their three children, our petitioners. Ida died September 16, 1981, and her 1972 will was admitted to probate on October 20, 1982.

■ The court of appeals held the will was not contractual because there was an "absence of a recital that it was executed as the result of a compact or in furtherance of a contract." 663 S.W.2d at 29. However, the joint will in this case was executed on December 5, 1951. Only wills executed on or after September 1, 1979, must expressly recite that a contract exists. Tex.Prob. Code Ann. § 59A (Vernon 1979).

■ The Wiemers joint will contains language which we have held evidences a contract on its face. *Novak v. Stevens,* 596 S.W.2d 848 (Tex.1980); *Dougherty v. Humphrey,* 424 S.W.2d 617 (Tex.1968); *Murphy v. Slaton,* 154 Tex. 35, 273 S.W.2d 588 (1954). A comprehensive plan for the disposition of all property owned by both parties is the primary characteristic of a joint and contractual will. *Novak v. Stevens,* 596 S.W.2d 848 (Tex.1980).

■ Under the first three paragraphs George and Ida intended the survivor of them to have a life estate in the real property. Also, they agreed Wesley would have the remainder interest in the 125 acre homestead provided he paid $500 to those named in the will.

Edwin contends the will is not contractual because in the second and third para-

graphs of the joint will the parties refer to "my part and portion" of the 125 acres. However, the first paragraph of the joint will has the requisite language that this court has held to constitute a contractual will. In the first paragraph, George and Ida jointly set out a comprehensive plan for disposing of all their real property. The second and third paragraphs are reciprocal provisions in which each individually affirms the plan set forth in paragraph one.

Edwin also argues this case is controlled by *Magids v. American Title Ins. Co.*, 473 S.W.2d 460 (Tex.1971). However, in *Magids*, the wills were identical in form but each dealt only with property "of which I die possessed." *Id.* at 466. The wills were separate, even though they were executed at the same time before the same witnesses. "Neither will dealt with the entire community estate of both testators in a manner that affected the survivor's interest." *Novak*, 596 S.W.2d at 853 (*construing Magids*).

The Wiemers will, unlike the Magids will, disposes of all the real property and distributes that property according to a common plan. The Wiemers will does contain reciprocal provisions, each disposing of "my part and portion" of the 125 acres; however, the preceding paragraph expresses George and Ida's joint will and desire to distribute "the whole of our real estate." As we held in *Weidner v. Crowther*, 157 Tex. 240, 301 S.W.2d 621 (1957), "[i]t would be manifestly unjust to permit the surviving party to the contract to disavow it and its obligations, as those obligations are incorporated in their will, after the other party has fully performed by abiding by it until his ability to revise it has been terminated by death." *Id.* 301 S.W.2d at 624.

We hold that the George H. and Ida J. Wiemers will is joint and contractual. Norma Wiemers is entitled to the constructive trust requested. We reverse the judgments of the lower courts and remand this cause to the trial court to render judgment consistent with this opinion.