Bobbie Oates COFFMAN and Randall
Coffman, Appellants,

v.

Ann Jowell WOODS, Appellee.

No. B14–84–847–CV.

Court of Appeals of Texas,
Houston (14th Dist.)

May 30, 1985.

Rehearing Denied Aug. 22, 1985.

Joe Mills, Humble, for appellants.

Ronald G. Wiesentahl, Williamson, Gardner, Hall & Wiesentahl, Houston, for appellee.

Before PAUL PRESSLER, MURPHY and DRAUGHN, JJ.

OPINION

MURPHY, Justice.

Appellants, Bobbie Oates Coffman and Randall Coffman, bring this appeal to challenge a summary judgment entered in a will contest involving two wills executed by Ethel Oates Jowell. The trial court found that the will offered by appellants, dated May 26, 1983, was void and that the will espoused by appellee, dated May 24, 1982, was the last will and testament of Ethel Jowell. The court further held that the 1982 will was a joint, mutual and contractual will by and between Mrs. Jowell and her predeceased husband, Robert Jowell. Appellants contend the testamentary instrument executed in 1982 was not contractual and therefore subject to revocation by the subsequent 1983 will. We affirm that portion of the judgment which declares the

1982 will a contract and reverse the portion which held the 1983 will void.

Ethel and Robert Jowell, husband and wife, executed a joint and mutual will on May 24, 1982. The document provided a comprehensive scheme for the disposition of all property owned by the couple. The sixth paragraph of the document evidenced the testators' intent to create a contract by the following language:

> So that no contention may arise concerning the same, when we or either of us be dead, we do hereby each mutually in consideration of the other making this will, and of the provisions made herein in each other's behalf, make this our last will and testament and agree that the same cannot be changed or varied by either without the consent in writing of the other.

Robert Jowell died on November 12, 1982, and his estate was distributed in accordance with the terms of the 1982 will; Ethel Jowell was the main beneficiary. Mrs. Jowell subsequently executed a second will on May 26, 1983, which purported to revoke all prior wills. The second will provided appellants with a substantially greater inheritance than they would have received under the first, whereas appellee received substantially less.

Mrs. Jowell died on July 1, 1983, and the appellants offered the second will for probate. Appellee then attempted to probate the 1982 will; however, her efforts were thwarted because the second will was already in probate. Appellee brought suit to contest the second will and filed a Motion for Summary Judgment requesting the 1982 will be declared Mrs. Jowell's last will and testament. The trial court granted the summary judgment in October of 1984, and appellants appeal the judgment.

In three points of error, appellants argue that the entry of the summary judgment was erroneous because there was no evidence that the 1982 will was a contract. Specifically, they claim the 1982 will was insufficient to form a contract pursuant to the Probate Code due to the absence of the word "contract," or a phrase stating "this

is a contract" from the body of the document.

A summary judgment will withstand scrutiny on appeal only if the moving party establishes as a matter of law the absence of any genuine issue of fact. *Wesson v. Jefferson Savings & Loan Ass'n*, 641 S.W.2d 903, 904 (Tex.1982). The summary judgment entered by the trial court had a two-fold effect. The court declared that the 1982 joint will was a contract and additionally stated the 1983 will was void, leaving the 1982 will the last testamentary instrument of Ethel Jowell. The record must demonstrate that no issues of material fact exist for either of these findings in order to affirm the summary judgment.

Contractual wills are governed by section 59A of the Texas Probate Code, which applies to all wills executed after September 1, 1979. Tex.Prob.Code Ann. § 59A (Vernon 1979); *Wiemers v. Wiemers*, 683 S.W.2d 355, 356 (Tex.1984). Section 59A provides:

a. A contract to make a will or devise, or not to revoke a will or devise, if executed or entered into on or after September 1, 1979, can be established only by provisions of a will stating that a contract does exist and stating the material provisions of the contract.

b. The execution of a joint will or reciprocal wills does not by itself suffice as evidence of the existence of a contract.

Tex.Prob.Code Ann. § 59A (Vernon 1979). The statute does not require the word "contract," or a phrase reciting "this will is a contract," to appear in the body of the document. The Texas Supreme Court has not mandated that wills must contain such specific language in order to qualify under the statute. *See Wiemers*, 683 S.W.2d at 356. We also decline to adopt such a narrow construction of § 59A. In the absence of statutory language to the contrary, we shall adhere to the general principles of contract law which hold that a contract may be created without the use of any

particular language. *Farmers' State Bank & Trust Co. v. Gorman Home Refinery*, 3 S.W.2d 65, 66 (Tex.Comm'n App. 1928, judgmt adopted).

■ The sixth paragraph of the 1982 will clearly delineates the existence of a contract. *See Odeneal v. Van Horn*, 678 S.W.2d 941, 942 (Tex.1984); *Wiemers*, 683 S.W.2d at 356–57. The parties stated that they were entering a mutual agreement supported by consideration. The will, on its face, expressly recites the basic elements necessary to form a contract, and the trial court was authorized to find no material issue of fact as to this issue. *See Garcia v. Villarreal*, 478 S.W.2d 830, 832 (Tex.Civ.App.—Corpus Christi 1971, no writ).

■ After finding the 1982 will to be a contract, the trial court also found it was the last testamentary document executed by Mrs. Jowell, to the exclusion of all subsequent wills. The summary judgment specifically stated that the 1983 will was void. The record fails to indicate that the will contained deficiencies which under the Probate Code would be sufficient to deny the will admission to probate or to void the will. Instead, the apparent reason for the trial court's action was the breach of the 1982 will/contract by the revocation provisions of the 1983 will. The proper remedy for the breach of a contractual will by a subsequent will is to impress a constructive trust upon the decedent's estate as probated under the breaching will. *Novak v. Stevens*, 596 S.W.2d 848, 853 (Tex.1980). The constructive trust will ensure that the provisions of the breached contractual will are satisfied. *See Wiemers*, 683 S.W.2d at 357. The trial court must determine if the 1983 will meets the statutory requisites to qualify as a valid will. If these issues are resolved in the affirmative, the will shall be admitted to probate, subject to the imposition of a constructive trust designed to preserve the integrity of the 1982 will/contract.

The portion of the summary judgment construing the 1982 will as a contract is affirmed. The remaining portion declaring the 1983 will void is reversed and remanded for further proceedings consistent with this opinion.