OPINION HEADING PER CUR 









                NO. 12-05-00227-CV

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS
DISTRICT

 

TYLER, TEXAS

 

 

M. REX KIRBY, CHERYL A.
BRYAN       §                      APPEAL FROM THE 

AND
JOYCE M. SMITH,     

APPELLANTS

 

V.

§                      COUNTY COURT AT LAW # 3 

BRENDA
STEPHENSON, INDEPENDENT

EXECUTRIX
OF THE ESTATE OF

BETTY
WILLIAMS, DECEASED, 

APPELLEE   §                      SMITH
COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM
OPINION








            This is a probate case. 
In three issues, Mikael Rex Kirby, Cheryl Ann Bryan, and Joyce Marie
Smith appeal an order denying their objection to the inclusion of real
property, annuities, and two promissory notes in the inventory and appraisement
filed by Brenda Stephenson, independent executrix of their mother’s
estate.  We reverse and render in part
and affirm in part.

 

Background

            On March 13, 1998, C.S. Williams (“husband”) and Betty A.
Williams (“wife”) executed wills together. 
In pertinent part, the wife’s will stated: 

 

Contractual Nature of Will

 








2.01  Contract With Spouse.  So that no contention may arise at a later
time, I declare that I make all provisions in this will as a contract between
myself and my husband, C.S. WILLIAMS.  I
make these contractual provisions in consideration of the Last Will and
Testament executed by my husband on the same date hereof, and in consideration
of the provisions made in his Will on my behalf.  I further agree that neither the terms of the
contractual bequests made in this Will, nor the contract made by the terms of
this Will may be changed, modified, varied, or in any way revoked except as
specified in Section 2.02 below.

 

2.02  Revocation.  While my husband and I are both alive, the
contractual bequests in this Will may be changed, modified, varied, or revoked
only by an agreement in writing signed by both of us.  My husband and I reserve the right to make
such an agreement without the consent of any other person.  The contractual bequests made in this Will,
and the contract made by the terms of this Will may not be changed, modified,
varied, or in any way revoked after my husband has died leaving the contractual
bequests of his Will, executed as of the same date hereof, unrevoked and
unmodified.

 

 

Her husband executed a will
with the exact same language, but substituted her name for his in Article Two
and throughout the remainder of the will. 
Both wills stated that the wife had three children, Mikael Rex Kirby,
Cheryl Ann Bryan, and Joyce Marie Smith (“wife’s children”), and that the
husband had two children, Constance D. Williams Stewart and Cynthia D. Williams
Reynolds (“husband’s children”).  Both wills
named the other spouse as the independent executor or, alternatively, Brenda
Stephenson (“independent executrix”).[1]  

            In May of 2002, the husband died.  The wife probated his will as a muniment of
title in June of 2002.  In October of
2002, the wife sold what had been the couple’s homestead and received net
proceeds of $195,467.53. She immediately purchased a new house for $118,128.88.
She also purchased two annuities totaling $90,000.00, naming both her children
and her husband’s children  as
beneficiaries.

            In April of 2003, the wife changed the beneficiaries on
the annuities to only her three children. 
She also signed a gift deed conveying the new house to her three
children.  On November 27, 2003, the wife
died.  On December 1, 2003, the wife’s
children filed their gift deed to the new house in the Smith County land
records.

            The independent executrix filed the wife’s will for
probate.  She later filed an inventory
and appraisement listing the new house, the annuities, and two promissory notes
from Kirby and Bryan in the respective amounts of $11,000.00 and $12,000.00 as
property of the estate.  The wife’s
children objected to the listing of these four items as property of their
mother’s estate.  The probate court then
held a hearing on their objection to the inventory and appraisement and
ultimately denied their objection. 
Following the entry of its order, the trial court entered findings of
fact and conclusions of law.  The wife’s
children timely filed their appeal to the probate court’s order.

 

                                                                                                            Issues

            In their first issue, the wife’s children contend that
she had the authority to give the real property and annuities to them.  In their second and third issues, the wife’s
children contend that the two promissory notes had been destroyed, that they
were not property of the estate, and that any evidence to the contrary was
hearsay.

 

Standard of Review

            Findings of fact in a bench trial have the same force and
dignity as a jury verdict and are reviewable for legal and factual sufficiency
of the evidence by the same standards as applied in reviewing the jury’s
findings.  Anderson v. City of
Seven Points, 806 S.W.2d 791, 794 (Tex. 1991).  In reviewing legal sufficiency, we consider
only the evidence and reasonable inferences supporting the finding.  Minnesota Mining and Mfg. Co. v.
Nishika Ltd., 953 S.W.2d 733, 738 (Tex. 1997).  Anything more than a scintilla of evidence is
legally sufficient to support the finding. 
Id.  More than a
scintilla of evidence exists when the evidence supporting the finding, as a
whole, “rises to a level that would enable reasonable and fair-minded people to
differ in their conclusions.”  Merrell
Dow Pharms., Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997) (quoting Burroughs
Wellcome Co. v. Crye, 907 S.W.2d 497, 499 (Tex. 1995)).  When considering a factual sufficiency
challenge, courts of appeals must consider and weigh all of the evidence, not
just the evidence that supports the verdict. 
Maritime Overseas Corp. v. Ellis, 971 S.W.2d 402, 406-07
(Tex. 1998).  We can set aside the
verdict only if it is so contrary to the great weight and preponderance of the
evidence that the verdict is clearly wrong and unjust.  Id. at 407.

            The standard of review for conclusions of law is whether
they are correct.  Dickerson v.
DeBarbieris, 964 S.W.2d 680, 683 (Tex. App.–Houston [14th Dist.] 1998,
no pet.).  We will uphold conclusions of
law on appeal if the judgment can be sustained on any legal theory the evidence
supports.  Material P’ships, Inc.
v. Ventura, 102 S.W.3d 252, 257 (Tex. App.–Houston [14th Dist.] 2003,
pet. denied).  Thus, incorrect
conclusions of law do not require reversal if the controlling findings of fact
support the judgment under a correct legal theory.  Id.  

Contractual Wills

Applicable Law

            Mutual wills are testamentary instruments executed
pursuant to an agreement between two or more persons to dispose of their
property in a particular manner, each in consideration of the other.  Reynolds v. Estate of Benefield,
995 S.W.2d 885, 887 (Tex. App.–El Paso 1999, pet. denied).  The primary characteristic of a joint and
contractual will is a comprehensive plan for the disposition of all property
owned by both parties.  Wiemers v.
Wiemers, 683 S.W.2d 355, 356 (Tex. 1984).  There must be intent on the part of each
testator to treat the balance remaining from the estate of the first to die and
the estate of the last to die as a single estate and to provide for the
disposition of the combined estates remaining on hand at the death of the last
to die.  Pearce v. Meek,
780 S.W.2d 289, 292 (Tex. App.–Tyler 1989, no writ).  The party who asserts that the will is
contractual has the burden of establishing that fact.  Estate of Osborne, 111 S.W.3d
218, 220 (Tex. App.–Texarkana 2003, pet. dism’d).  A contract to make a will or devise, or not
to revoke a will or devise, if executed or entered into on or after September
1, 1979, can be established only by provisions of a written agreement that is
binding and enforceable or provisions of a will stating that a contract does
exist and stating the material provisions of the contract.  Tex.
Prob. Code Ann. § 59A(a) (Vernon Supp. 2005).  

            The execution of a joint will or reciprocal wills does
not by itself suffice as evidence of the existence of a contract.  Id.  § 59A(b).  A two pronged test governing contractual
wills requires that

 

(1)           the
gift to the survivor is not absolute and unconditional, even though it may
initially appear to be so; and

 

(2)           the
balance remaining from the estate of the first to die and the estate of the
last to die is treated as a single estate and jointly disposed of by both
testators in the secondary dispositive provisions of the will.

 

 

Reynolds, 995
S.W.2d at 888.

Analysis

            In reviewing the plain language of the contract in both
the husband’s and the wife’s will, there is nothing to indicate that the
husband and wife did not intend to make a comprehensive plan to dispose of
their combined estates at the death of the last to die.  Both husband and wife describe their wills as
a contract between themselves.  There is
no evidence in the record that either the husband’s or the wife’s will was
revoked.  Read literally, both wills
provide that half of the husband and the wife’s combined estates would go to
the husband’s children and half to the wife’s children.  In its findings of fact and conclusions of
law, the probate court concluded that the new house and the annuities owned by
Betty A. Williams at the time of her death were property of the estate of Betty
A. Williams.  This conclusion is
supported by both the evidence in the case and the law of this State.  The wife’s childrens’ first issue is
overruled.

 

Two Promissory Notes

            In their second and third issues, the wife’s children
contend that the two promissory notes executed by Mikael Rex Kirby and Cheryl
Bryan in the respective amounts of $11,000.00 and $12,000.00 had been destroyed
and could not be property of the estate. 
The independent executrix did not brief these issues and stated at oral
argument that she did not contest these two issues.  Further, the presumption that property listed
in an inventory and appraisement exists cannot stand against unimpeached
competent evidence.  Moore v.
Wooten, 280 S.W. 742, 747 (Tex. Comm’n App. 1926).  In the record before us, Kirby testified that
his mother had destroyed these two promissory notes in his presence in the
early 1980s and that they did not exist. 
No competent evidence controverted this testimony.  Accordingly, we sustain the wife’s childrens’
issues two and three.

 

Disposition

            Having sustained the wife’s children’s issues two and
three, the order of the trial court denying the objections to the two
promissory notes is reversed and judgment is rendered
sustaining the objections to these two promissory notes.  The remainder of the probate court’s order is
affirmed.

 

                                                                        JAMES T. WORTHEN    

                                                                                  Chief Justice

 

 

Opinion
delivered July 26, 2006.

Panel
consisted of Worthen, C.J. and Griffith, J.

 

 

 

 

(PUBLISH)











[1] Brenda Stephenson is a niece of the
husband.