**F I L E D**
IN THE 13TH COURT OF APPEALS
CORPUS CHRISTI

05/21/15

**DORIAN E. RAMIREZ, CLERK**
BY cholloway

ACCEPTED
13-14-00667-CV
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
5/26/2015 3:33:54 PM
DORIAN RAMIREZ
CLERK

Case No. 13-14-00667-CV

RECEIVED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
5/26/2015 3:33:54 PM
DORIAN E. RAMIREZ
Clerk

In the
Court of Appeals for the Thirteenth District
of Texas at Corpus Christi – Edinburg

IN THE ESTATE OF
MILDRED OZELLA FAVOR PURSLEY,
A.K.A. MILDRED F. PURSLEY, DECEASED

On Appeal from the Probate Court,
Hidalgo County, Texas
Cause No. P-34,801-A

SUR-REPLY BRIEF OF APPELLEES

Edmundo O. Ramirez
Texas Bar No. 16501420
eor@ekrattorneys.com
Minerva I. Zamora
Texas Bar No. 24037765
miz@ekrattorneys.com
Daniel Koeneke
Texas Bar No. 24083320
daniel@ekrattorneys.com

ELLIS, KOENEKE & RAMIREZ, L.L.P.
1101 Chicago Avenue
McAllen, Texas 78501
Telephone: (956) 682-2400
Facsimile: (956) 682-0820
Attorneys for Appellees, Harold Wayne
Pursley, Jr., and Rolland Hugh Pursley

May 21, 2015

# TABLE OF CONTENTS

TABLE OF CONTENTS...................................................................................2

INDEX OF AUTHORITIES..........................................................................4

SUMMARY OF SUR-REPLY ......................................................................7

ARGUMENT ..................................................................................................11

    I.     TRIAL COURT'S RULING.................................................11

    II.    TEXAS LAW FAVORS WILL CONSTRUCTION WHICH GIVES EQUAL TREATMENT TO ALL HEIRS OF THE SAME CLASS….........................................................13

    III.   HAROLD W. PURSLEY AND MILDRED F. PURSLEY INTENDED TO BIND THEMSELVES TO THE TERMS OF THE 1975 WILL .......................................................14

    IV.   THE PRESUMPTION REGARDING THE USE OF DIFFERENT LANGUAGE IN DIFFERENT PLACES OF A CONTRACT IS INAPPLICABLE TO THE CASE AT BAR .....................................17

    V.    THE PHRASE "ANY CHILD OR CHILDREN" SHOULD BE GIVEN ITS TECHNICAL MEANING...............................19

    VI.   ROCKY WAIVED ANY APPEAL OF THE ISSUE OF AMBIGUITY ..................................................................20

    VII.  APPELLEES' SUPPORTING AUTHORITY PROVES THAT "ANY CHILD OR CHILDREN" MEANS ALL CHILDREN......................23

    VIII. AT THE TIME OF HAROLD W. PURSLEY'S DEATH THE EXISTING CLASS MEMBERS (HAROLD JR., ROLLAND, AND ROCKY) WERE VESTED, SUBJECT TO ANY AFTER-BORN CLASS MEMBERS .......................................................28

IX.    CONCLUSION .................................................................................29

PRAYER.................................................................................................31

CERTIFICATION OF RULE 9.4(i) COMPLIANCE.............................................32

CERTIFICATE OF SERVICE .................................................................33

# INDEX OF AUTHORITIES

## <u>Cases</u>

*Allen v. Heinatz,*
212 S.W.2d 987 (Tex.Civ.App.—Austin 1948, judgment aff'd) ............................26

*Boone v. Stone,*
142 S.W.2d 936 (Tex.Civ.App.—Fort Worth 1940, writ dismissed, judgment correct) .................................................................................................................24

*Crow-Billingsley Stover Creek, Ltd. v. SLC McKinney Partners, L.P.,* No. 05-09-00962-CV, 2011 WL 3278520 (Tex.App.—Dallas Aug. 2, 2011) ................... 21-23

*DaimlerChrysler Motors Co., LLC v. Manuel,*
362 S.W.3d 160 (Tex. App.—Fort Worth 2012, no pet.).......................................27

*Guilliams v. Koonsman,*
279 S.W.2d 579 (Tex. 1955)............................................................................ 24-25

*Houston v. Schuhmann,*
92 S.W.2d 1086, (Tex.Civ.App.—Amarillo 1936, writ ref'd) .......................... 28-29

*In re Agresti,*
No. 13-14-00126-CV, 13-14-00149-CV, 13-14-00154-CV, 13-14-00168-CV, 2014 Tex. App. LEXIS 5689, 2014 WL 3408691 (Tex. App.—Corpus Christi May 29, 2014, orig. proceeding) (memo.op.) .......................................................................27

*Jones v. Villareal,*
No. 13-12-00166-CV, 2013 Tex. App. LEXIS 1782, 2013 WL 656839 (Tex. App.—Corpus Christi Feb. 21, 2013, pet. granted, judgm't vacated w.r.,) (mem. op.) ......................................................................................................................23, 27

*Murphy v. Honeycutt,*
199 S.W.2d 298 (Tex.Civ.App.—Texarkana 1946, writ ref'd).............................18

*Penland v. Agnich,*
940 S.W.2d 324 (Tex.App.—Dallas 1997, writ denied) ........................................24

*Progressive Cnty. Mut. Ins. Co. v. Kelley,*
284 S.W.3d 805 (Tex. 2009) (per curiam).....................................................22, 27

*Sinnott v. Gidney,*
322 S.W.2d 507 (Tex. 1959).......................................................................... 9, 13-14, 21

*Sullivan v. Skinner*,
66 S.W.2d 680 (Tex.Civ.App. 1902, writ ref'd)................................................. 24-26

*Wiemers v. Wiemers,*
683 S.W.2d 355 (Tex. 1984).......................................................................17

## Statutes and Rules

Tex. R. Civ. P. 166a ...................................................................................22

## Other Authorities

T. Atkinson, Law of Wills § 146 (2d ed. 1953)................................................. 8-9, 19

Case No. 13-14-00667-CV

In the
Court of Appeals for the Thirteenth District
of Texas at Corpus Christi – Edinburg

IN THE ESTATE OF
MILDRED OZELLA FAVOR PURSLEY,
A.K.A. MILDRED F. PURSLEY, DECEASED

On Appeal from the Probate Court,
Hidalgo County, Texas
Cause No. P-34,801-A

SUR-REPLY BRIEF OF APPELLEES

TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:

COME NOW Appellees Harold Wayne Pursley, Jr. and Rolland Hugh Pursley and file this Sur-Reply Brief of Appellees, requesting that the Court affirm the trial court's Final Judgment. Parties will be referred to as in the trial court or by name. References to the Clerk's Record will be to {volume}CR{page}, and references to the Appendices will be to App{tab}. References to the Statement of Facts will be to SOF § {section}.

## SUMMARY OF SUR-REPLY

While Rocky may not approve or be in favor of his parents' decision to execute a contractual will, or agree with the binding effect the contractual 1975 Will had on their estates, Harold W. Pursley and Mildred F. Pursley undoubtedly intended and did in fact agree to bind themselves to the unconditional devise giving the remaining estate <u>equally</u> to all of the Pursley children. (1CR57); *See* Appellees' Brief Argument 41-44. This conclusion is supported by Texas case law and the Texas Estates Code which define the phrase "any child or children" in the wills and estates context to mean all children. More importantly, this conclusion is also supported by Harold W. Pursley and Mildred F. Pursley's intent, as evidenced by the fact that they freely sought legal counsel to prepare a contractual will and voluntarily executed the 1975 Will which wholly bound them to the specific distribution of their estate to all of their children.

Specifically, Harold W. Pursley and Mildred F. Pursley deliberately and intentionally executed a contractual will in order to make certain that all their children, Rocky Pursley, Harold Wayne Pursley, Jr., and Rolland Hugh Pursley, and any subsequent child or children, were equally provided for after their passing.

Rocky's unsubstantiated interpretation of the <u>technical</u> phrase "any child or children" rests on the premise that "[c]ourts should presume that when parties use different language in different places of a contract, the difference is intentional."

Reply Brief of Appellant 11.  **However, in the present case, that presumption is inapplicable.** Rocky neglects to bring to the Court's attention that while the two phrases may achieve the same outcome in certain circumstances, they do not have the same meaning. As explained in detail in Appellees' Brief and the probate court's Final Judgment, the phrase "any child or children of this marriage" found in Paragraph IV. of the 1975 Will is defined as any and all of Harold W. Pursley and Mildred F. Pursley's children. Thus, the phrase "any child or children" specifically includes Harold Jr., Rolland, Rocky, and any after-born child or children. When compared to the terms in Paragraph V. of the 1975 Will, which restrict the distribution to <u>only</u> "Harold Wayne Pursley, Jr., Rolland Hugh Pursley and Rocky Joe Pursley," it is unmistakably apparent that these two phrases do not have the same meaning.  (1CR57).

Further, as the well renowned Professor Thomas E. Atkinson has stated:

**However strong the argument for an objective standard in case of <u>contracts</u>, the words of a <u>will</u> should be given the meaning that the testator gives them as <u>distinguished from the usual or dictionary meaning</u>.**

T. Atkinson, Law of Wills § 146 (2d ed. 1953) at 811-11 (emphasis added).

While the word "or" is in fact disjunctive, it is important to note that the phrase "any child or children" <u>was drafted by an attorney in the context of probate distribution through a contractual will</u>.  Thus, the technical meaning of the phrase "any child or children" must be distinguished from the usual or dictionary meaning

8

of "or." *See id.* As evidenced by the authority cited in Appellees' Brief Argument Section II., the language "**any child or children**" mandates the distribution to all persons identified in that class, *e.g.* all of Harold W. Pursley and Mildred F. Pursley's children. *See* Appellees' Brief Argument 41-44.

It is important to note that even if this Court finds that there is "real doubt as to the meaning of a will," the Texas Supreme Court has expressly stated that "the law favors a construction that gives equal treatment to all heirs of the same class." *Sinnott v. Gidney*, 322 S.W.2d 507, 512 (Tex. 1959). **Notwithstanding the fact that Rocky states that *Sinnott v. Gidney*, which he originally cited to in his initial Brief in support of his construction of the 1975 Will, is now suddenly "inapplicable," the presumption favoring equal treatment to all heirs stands unrebutted.** *See* Appellant's Brief 32-33; *See also* Reply Brief of Appellant 14.

Further, Rocky waived any right to appeal the issue of ambiguity. (2CR250). Advocates have an absolute duty of candor to the tribunal. Therefore, if Rocky's counsel did not agree with the statement that "**both parties agree that the only issue is a matter of law**," then he had the unconditional obligation, as an officer of the court, to inform the probate court of his opposition. However, Rocky failed to voice any opposition or attempt renounce the agreement until after: (1) the jury trial was cancelled; (2) the probate court entered judgment against him; and (3)

Appellees' Brief was filed which brought Rocky's waiver to the Court's attention. *See* Reply Brief of Appellant 15-16.

In conclusion, the 1975 Will made a class gift to all the children of the marriage. The use of the words "any" and "or" certainly did not eliminate the class gift, nor did it make a disposition to only one or two children proper. Therefore, Mildred F. Pursley's attempt to disavow the dispositive provision by devising the remaining estate to anyone other than all three children (and any after-born children) violates the terms of the 1975 Will.

As such, the trial court did not err in imposing a constructive trust in favor of the devisees of the 1975 Will to the extent necessary to enforce the terms of the 1975 contractual Will. For these reasons, this Court should affirm the probate court's ruling.

# ARGUMENT

## I.      TRIAL COURT'S RULING.

Significantly, Rocky's arguments concerning his interpretation of the 1975 Will have already been rejected by the probate court in this matter. After reviewing both Rocky's and Harold Jr. and Rolland's Motions For Summary Judgment, examining the 1975 Will alongside the subsequent Will and First Codicil of Mildred Pursley, analyzing the governing authority, and hearing thorough arguments from both Rocky's counsel and counsel for Harold Jr. and Rolland, the probate court prepared and executed its own Order in which it expressly made the following rulings:

> **As a matter of law, the 1975 Will is a contractual will**.
>
> **As a matter of law, the language in paragraph IV., "any child or children of this marriage," provided for the remainder of the estate to be conveyed as a class gift to Rocky, Harold, Jr., and Rolland.**
>
> **As a matter of law, the language in paragraph IV., "any child or children of this marriage," mandates the distribution to all the children.**
>
> **As a matter of law, reading the 1975 will as a whole instrument, it was the "intent of Harold W. Pursley <u>when he executed the 1975 will with his wife</u>, that at his passing (if he died first) and at the subsequent passing of his wife, any estate left over was to go and vest in his beloved children Harold Wayne Pursley, Jr., Rolland Hugh Pursley and Rocky Joe Pursley, share and share alike."**
>
> **As a matter of law, both the subsequent Will and Codicil executed by Mildred F. Pursley breached the terms of the 1975 Will.**

(2CR208-209; 2CR270-71).

By virtue of its ruling, it can be inferred that the probate court not only failed to discover any ambiguity within the 1975 Will, but the probate court also rejected the following arguments proffered by Rocky:

1. The probate court rejected Rocky's argument that the 1975 Will is not contractual by finding, as a matter of law, that the 1975 Will is a contractual will;

2. The probate court rejected Rocky's argument that the phrase "any child or children" means that the survivor had the discretion to give the property to one or more of the children and is not required to give the property in equal shares by finding, as a matter of law, that the phrase "any child or children" mandates the distribution to Harold, Jr., Rolland and Rocky, share and share alike;

3. The probate court rejected Rocky's argument that Harold W. Pursley and Mildred F. Pursley did not intend to be "shackled" by the non-discretionary terms of the 1975 Will by finding, as a matter of law, that it was the intent of Harold W. Pursley when he executed the 1975 Will with his wife that at his passing and at the subsequent passing of his wife, any estate left over was to go and vest in his beloved children Harold, Jr., Rolland, and Rocky, share and share alike; and

4. The probate court rejected Rocky's argument that Mildred F. Pursley's subsequent Will and First Codicil did not breach the terms of the 1975 Will by finding, as a matter of law, that both the subsequent will and codicil executed by Mildred F. Pursley breached the terms of the 1975 Will.

(2CR208-209; 2CR270-71).

It is unequivocally clear by the probate court's ruling that Harold Jr. and Rolland have demonstrated, as a matter of law, that the 1975 Will is in fact a contractual will which mandates that the remaining estate be distributed to Rocky, Harold, Jr., Rolland, and any after-born child or children, share and share alike.[1] (2CR208-209; 2CR270-71).

---

[1] Contrary to the probate court's ruling, Rocky contends that this Court should ignore not only the legal principles surrounding the pretermitted child statute, but also the technical meaning of the phrase "any child or children" because Mildred was approximately 45 years old when the 1975 Will was executed. *See* Reply Brief of Appellee 10.

**II. TEXAS LAW FAVORS WILL CONSTRUCTION WHICH GIVES EQUAL TREATMENT TO ALL HEIRS OF THE SAME CLASS.**

In *Sinnott v. Gidney*, the Texas Supreme Court noted the following well-established principle: "[i]n case of real doubt as to the meaning of a will, the law favors a construction that gives equal treatment to all heirs of the same class." *Sinnott v. Gidney*, 322 S.W.2d 507, 512 (Tex. 1959). Here, to the extent there is any doubt as to the meaning of the 1975 Will (which Harold Jr., Rolland and Rocky contend there is not),[2] this principle supports Harold Jr. and Rolland's construction of the 1975 Will to mean that the class gift conveyed to "any child or children" was to be distributed equally. *See id.* Significantly, *Sinnott v. Gidney* **was first cited by Rocky in his initial Brief to the Court in support of his construction of the 1975 Will.** *See* Appellant's Brief 32-33. Rocky has subsequently concluded that this same case of *Sinnott v. Gidney*, which he initially cited in support of his interpretation, "**is inapplicable**." Reply Brief of Appellant 14. (Emphasis added). Interestingly, Rocky arrived at his conclusion that *Sinnott v. Gidney* is now inapplicable to the case at bar after Howard Jr. and Rolland cited to the above-quoted language from the Texas Supreme Court in *Sinnott v. Gidney* in their Brief of Appellees. *See* Reply Brief of Appellant 14. Rocky's dramatic shift in his position regarding *Sinnott v. Gidney* is nothing but an attempt **to mislead**

---

[2] *See* Reply Brief of Appellant 14. (Rocky states "there is no real doubt as to the meaning of Paragraph IV's 'any child or children' language in the present case.")

13

**this Court and distract from the legal principles supporting the probate court's ruling.** Rocky's frivolous argument that *Sinnott v. Gidney* is somehow "inapplicable" to this case cannot undermine the legal principle clearly articulated in *Sinnott v. Gidney* that equal distribution among members of the same class is the favored construction in interpreting the terms of a will. *Sinnott*, 322 S.W.2d at 512.

## III. HAROLD W. PURSLEY AND MILDRED F. PURSLEY INTENDED TO BIND THEMSELVES TO THE TERMS OF THE 1975 WILL.

As evidenced by Rocky's Reply Brief, Rocky seeks to take the pending issues out of the contractual will context. In doing so, Rocky attempts to misguide the Court and gain sympathy by restructuring his argument and stating that "the correct formulation is whether the testators intended to contract away their right, as survivor, to give the property to one or more of the children in shares deemed appropriate by the survivor." Reply Brief of Appellant 14. Rocky's argument that his parents did not intend to bind themselves to the terms of the 1975 Will (which gives each of their children an equal share of the remaining estate) is unfounded and wholly irrational, as it is entirely contradictory to the unequivocal, objective design and proposition of a contractual will. It is well understood that contractual wills are designed and executed by executors (typically spouses) to ensure that the executors' predetermined disposition (customarily made in the interest of their children) does in fact transpire. **In other words, spouses customarily elect to**

**execute contractual wills in order to guarantee that their estate is distributed as they wish in the event that they pre-decease the other spouse.**

In the present case, Harold W. Pursley and Mildred F. Pursley unmistakably agreed to be bound by Paragraph IV. of the 1975 Will in order to ensure that each of their three children, as well as any subsequent child or children of the marriage, received an equal share of the estate. (1CR57).

While Rocky may not approve or be in favor of his parents' decision to execute a contractual will, or agree with the binding effect the contractual 1975 Will had on his parents' estates, Harold W. Pursley and Mildred F. Pursley undoubtedly intended to "shackle" themselves to the non-discretionary terms of the 1975 Will. *See* Reply Brief of Appellant 6. Harold W. Pursley and Mildred F. Pursley did so in order to make certain that all of their children, Rocky, Harold Jr., and Rolland, and any subsequent children, were equally provided for after Harold W. Pursley and Mildred F. Pursley's passing. Further, Rocky's assertion to the contrary fails to recognize the fact that if his parents did not intend to "shackle" themselves to the terms of the 1975 Will they could have easily opted to execute separate and non-contractual wills. As evidenced by the terms of the 1975 Will and the thorough analysis of the governing authority set forth in Appellees' Brief, that did not occur. (1CR57).

Further, Rocky's argument disregards the fact that if either Harold W. Pursley or Mildred F. Pursley no longer wished to be "shackle[d]" to the terms of the 1975 Will, they had the ability, **before the death of the first spouse**, to revoke the 1975 Will. However, neither Mildred F. Pursley nor Harold W. Pursley did so. Instead, Mildred F. Pursley allowed Harold W. Pursley to fully perform by abiding by the terms of the 1975 Will until his ability to revise it had been terminated by death.

Mildred's acceptance of the 1975 Will as a valid, controlling document is evidenced by the Application for Probate of Will and Issuance of Letters Testamentary filed by Mildred F. Pursley in the Estate of Harold W. Pursley, which stated that Harold W. Pursley "left a valid written Will ('Will') dated April 29, 1975 which was **never revoked**." (1CR61). (Emphasis added). Further, as seen by this Inventory, Appraisement, and List of Claims, Mildred F. Pursley received **substantial consideration** for executing the 1975 Will by offering it for probate.[3] (1CR67, 76).

As the Texas Supreme Court has expressly held, "[i]t would be **manifestly unjust** to permit the surviving party to the contract to disavow it and its obligations, as those obligations are incorporated in their will, after the other party has fully performed by abiding by it until his ability to revise it has been

---

[3] At the time the Inventory, Appraisement and List of Claims was filed, Harold W. Pursley and Mildred F. Pursley owned certain assets worth approximately five hundred and thirty thousand dollars. Today, the remaining assets are worth approximately three million dollars.

16

terminated by death." *Wiemers v. Wiemers,* 683 S.W.2d 355, 357 (Tex. 1984). Applying the holding in *Wiemers* to the case at bar, it would be manifestly unjust to permit Mildred F. Pursley to now disavow the 1975 Will, which she expressly acknowledged was valid upon her husband's death, after Harold W. Pursley fully performed by abiding by its terms until his passing.

## IV. THE PRESUMPTION REGARDING THE USE OF DIFFERENT LANGUAGE IN DIFFERENT PLACES OF A CONTRACT IS INAPPLICABLE TO THE CASE AT BAR.

Rocky's primary argument in support of his construction of the 1975 Will is that "[c]ourts should presume that when parties use different language in different places of a contract, the difference is intentional." Reply Brief of Appellant 11. Rocky states that in order for Harold Jr. and Rolland "**[t]o succeed**" with the argument that their parents intended for the remaining estate to go to the three sons equally, they must "demonstrate that the testators intended two different provisions with remarkably different language to have the same meaning." Reply Brief of Appellant 6. **However, in the present case, Rocky's entire premise is inapplicable.** Rocky ignores the fact that while Harold Jr. and Rolland submit that the two phrases at issue may achieve the same outcome under certain circumstances, Harold Jr. and Rolland do not contend that these two phrases have the same meaning. As explained in detail in Appellees' Brief and the probate court's Final Judgment, Harold Jr. and Rolland aver that the phrase "any child or

children of this marriage" set forth in Paragraph IV. of the 1975 Will is defined to mean any and all of Harold W. Pursley and Mildred F. Pursley's children. *See* Brief of Appellees 39-43. In contrast, and contrary to Rocky's argument, Harold Jr. and Rolland contend that the terms in the subsequent Paragraph V. restrict the distribution to only "Harold Wayne Pursley, Jr., Rolland Hugh Pursley and Rocky Joe Pursley," and do not include any after-born children. (1CR57).

Further, Rocky's argument is contrary to the well-settled legal principle in Texas that "[t]he cardinal rule of construction of a will is that the intention of the testator must be ascertained, if possible, **at the time he executed the will**…" *Murphy v. Honeycutt*, 199 S.W.2d 298, 300 (Tex.Civ.App.—Texarkana 1946, writ ref'd) (emphasis added). In accordance with *Murphy v. Honeycutt*, the definition of the two phrases at issue here (Paragraphs IV. and V. of the 1975 Will) must be interpreted as of the time Harold W. Pursley and Mildred F. Pursley executed the 1975 Will. At the time the 1975 Will was executed, Harold W. Pursley and Mildred F. Pursley had three living children, Harold Jr., Rocky, and Rolland. It was undetermined at the time the 1975 Will was executed whether any other children would be born of the marriage. As such, it is unmistakably obvious that these two phrases, while achieving the same outcome, do not have the same meaning.

## V.	THE PHRASE "ANY CHILD OR CHILDREN" SHOULD  BE  GIVEN ITS TECHNICAL MEANING.

Rocky heavily relies on the argument that the phrase "any child or children" "means what it says" under the dictionary meaning of the word "or." Reply Brief of Appellant 9. However, "[i]f the testator employed a draftsman skilled in the use of technical words these must be given their technical meaning." T. Atkinson, Law of Wills § 146 (2d ed. 1953) at 811.  Further, the well renowned Professor Thomas E. Atkinson has stated the following:

> **However strong the argument for an objective standard in case of <u>contracts</u>, the words of a <u>will</u> should be given the meaning that the testator gives them as <u>distinguished from the usual or dictionary meaning</u>.**
>
> **Furthermore, to the extent that either a statute or established rule of decision attributes a certain meaning to particular words, that meaning must be accepted.**

*Id* at 810-11 (emphasis added).

While the word "or" is in fact disjunctive, it is important to note that here the phrase "any child or children" <u>was drafted by an attorney in the context of a contractual will</u>.  Thus, contrary to Rocky's argument, the technical meaning of the phrase "any child or children" must be distinguished from the usual or dictionary meaning of "or." *See id.*

## VI.   ROCKY WAIVED ANY APPEAL OF THE ISSUE OF AMBIGUITY.

Rocky asserts the absurd contention that because his attorney did not orally agree with Mr. Ramirez's statement made before the probate court, his attorney did not necessarily concede that there were no fact issues to be decided by a jury. *See* Reply Brief of Appellant 15. As stated in Appellees' Brief, the transcript is as follows:

> MR: RAMIREZ: Edmundo Ramirez for the movants, Your Honor, We've got a pretrial, Your Honor, and we have dueling summary judgments, for lack of a better term. We've argued them, and we've briefed them, and **both parties agree that the only issue is a matter of law**, and so we urge the Court to Rule.
>
> THE COURT: I guess we got these jury trial settings before we realized there was going to be a pending motion for summary judgment.
>
> MR. RAMIREZ: Right, right, we've refined it down to summary judgments.
>
> THE COURT: I have that case on my desk, and I'm going on vacation next week, so by Friday I'll have a ruling for the parties.
>
> MR RAMIREZ:  Thank you.
>
> **MR. MURRAY: Thank, Your Honor.**

(2CR250). (Emphasis added).

Based on the parties' agreement as set forth by Mr. Ramirez, the probate court decided that a trial by jury was not necessary. As seen by the transcript, Rocky's attorney acquiesced in Mr. Ramirez's representation through his silence and made no objection to said representation during the pretrial hearing. (2CR250). (Emphasis added). While Rocky's attorney may not have explicitly voiced his

20

agreement, it is unmistakably clear by his failure to object that he did in fact agree with Mr. Ramirez's statement.[4]

Advocates have an absolute duty of candor to the tribunal. Therefore, if Rocky's attorney was not in agreement with the statement that "**both parties agree that the only issue is a matter of law**," then he had the unconditional obligation, as an officer of the court, to inform the probate court of his opposition. (2CR250). (Emphasis added).

Notwithstanding the strict duty owed to the tribunal, Rocky failed to voice any opposition or attempt to renounce the agreement until after: (1) the jury trial was cancelled; (2) the probate court entered judgment against him; and (3) Appellees' Brief was filed which brought Rocky's waiver to this Court's attention. *See* Reply Brief of Appellant 15-16. As with his contention that *Sinnott v. Gidney* is "**inapplicable**," as discussed above, Rocky's recent assertion that he was not in agreement at the time of the hearing **further evidences Rocky's intent to wrongfully mislead the Court**. *See* Reply Brief of Appellant 15-16.

Rocky next alleges that it is inconsequential whether the issue of ambiguity was raised in the trial court because this "Court **would still need to determine** whether the 1975 Will is ambiguous." Reply Brief of Appellant 16. (Emphasis added). However, in *Crow-Billingsley Stover Creek, Ltd. v. SLC McKinney*

---

[4] Rocky also had a pending Motion For Summary Judgment which further evidences the agreement between parties that there were no fact issues to be decided by a jury.

21

*Partners, L.P.*, the Dallas Court of Appeals stated that they do not agree with the proposition that a party does not have to plead ambiguity at the trial court level in order to raise that issue in the appellate court in a summary judgment case. *See Crow-Billingsley Stover Creek, Ltd. v. SLC McKinney Partners, L.P.,* No. 05-09-00962-CV, 2011 WL 3278520, at *8 (Tex.App.—Dallas Aug. 2, 2011) (*citing* Tex. R. Civ. P. 166a(c). Under Texas Rule of Civil Procedure 166a governing summary judgment proceedings, "[i]ssues not expressly presented to the trial court by written motion, answer, or other response shall not be considered on appeal as grounds for reversal." Tex. R. Civ. P. 166a(c).

In support of his position, Rocky first cites *Progressive Cnty. Mut. Ins. Co. v. Kelley*, 284 S.W.3d 805, 808 (Tex. 2009) (per curiam). However, footnote three of *Progressive Cnty. Mut. Ins. Co. v. Kelley* states that the plaintiff, bringing claims against an insurance company for Insurance Code violations and breach of contract, argued "during summary judgment, that the issue of whether there is two policies may be a fact issue." *Id* at Footnote 3. Further, the trial court in *Progressive Cnty. Mut. Ins. Co.* entered judgment without specifying on which grounds judgment was entered. *See id* at 806. Accordingly, the facts involved in *Progressive Cnty. Mut. Ins. Co.* are not present here and that case is wholly distinguishable from the case at bar.

Rocky next cites *Jones v. Villareal*, No. 13-12-00166-CV, 2013 Tex. App. LEXIS 1782, at \*17, 2013 WL 656839 (Tex.App.—Corpus Christi Feb. 21, 2013, pet. granted, judgm't vacated w.r.,) (mem. op.). However, the court in *Jones v. Villareal* stated "[t]he issue of contractual ambiguity ***may*** be considered sua sponte by a reviewing court." *Id* (emphasis added). Thus, while a reviewing court ***may*** consider the issue of ambiguity, Rocky has wholly failed to provide any supporting authority for the contention that this Court "**must**" determine whether the 1975 Will is ambiguous. *See* Reply Brief of Appellant 16.

Further, as discussed above, Rocky agreed that there were no fact issues to be decided by a jury. Rocky's contentions were raised in the context of interpretation of unambiguous language. As noted in *Crow-Billingsley Stover Creek, Ltd. v. SLC McKinney Partners, L.P.*, the "law is clear that a disagreement over the meaning of a contract provision does not render the provision ambiguous." *Crow-Billingsley Stover Creek, Ltd. v. SLC McKinney Partners, L.P.,* No. 05-09-00962-CV, 2011 WL 3278520, at \*8 (Tex.App.—Dallas Aug. 2, 2011).

## VII. APPELLEES' SUPPORTING AUTHORITY PROVES THAT "ANY CHILD OR CHILDREN" MEANS ALL CHILDREN.

While acknowledging that Harold Jr. and Rolland have provided supporting authority for the true definition of "any child or children," Rocky states that the authority cited in Appellees' Brief is "very weak." Reply Brief of Appellant 11.

Specifically, Rocky contends that Harold Jr. and Rolland cite to old cases which are inapplicable. *See* Reply Brief of Appellant 11.

In response to Rocky's first contention that the authority is "old," it is a well-recognized principle in Texas that courts "apply the law as it existed at the time the will was executed." *Penland v. Agnich*, 940 S.W.2d 324, 326 (Tex.App.—Dallas 1997, writ denied). Therefore, while the cases supporting Harold Jr. and Rolland's contentions may be old, they are indeed the guiding authority which the Court must follow in reviewing the probate court's decision in the present case.

Rocky also argues that *Boone v. Stone, Guilliams v. Koonsman* and *Sullivan v. Skinner* are not applicable because in those cases there was only one child to which the language applied. *See* Reply Brief of Appellant 11. Even though in *Boone* there was only one child within the class gift to "**any child or children**," the court in analyzing the testator's intent at the time of execution found "that uppermost in testator's mind was the intention to bestow the objects of his bounty upon his widowed daughter, her child, the minor, **and any child or children that should thereafter be born to her**, as well also any child or children that should be born to the son." *Boone v. Stone*, 142 S.W.2d 936, 940 (Tex.Civ.App.–Fort Worth 1940, writ dismissed, judgment correct) (emphasis added). The court in *Boone* specifically stated "[s]o intent was the testator that his daughter and **her children then born <u>or to be born</u> should be amply provided for**." *Id.*

24

In *Guilliams,* the court analyzed a will in which the testator devised his estate to his son "and to his **child or children** if any survive him, and in the event of [the testator's son's] death without **issue** surviving him, then to my son and daughter." *Guilliams v. Koonsman,* 279 S.W.2d 579, 583 (Tex. 1955) (emphasis and alteration added). There, the court went as far as to say that the phrase "**child or children**" and the term "**issue**" are interchangeable. *See id* (emphasis added). Further, the court in *Guilliams* held that the "child or children" of the testator's son held a contingent remainder interest subject to their survival of the testator's son. *Id* at 581.

Rocky also argues that *Sullivan v. Skinner* is not applicable because the issue was "whether a debtor husband had any interest in rent from his wife's separate property." and does not present the issue of how the phrase "any child or children" is to be applied in the event of multiple children. Reply Brief of Appellant 12. Rocky's first contention ignores the fact that in order for the appellate court in *Sullivan* to determine the issue stated above, it first had to review and analyze the will devising the property at issue to the wife (who was also the testator's daughter). *See Sullivan v. Skinner*, 66 S.W. 680, 680 (Tex.Civ.App. 1902, writ refused). In analyzing the will in *Sullivan*, which devised a life estate to the wife/testator's daughter "and on her death the same to belong to **any child or children,"** the appellate court stated "[f]rom this it is apparent that [wife/testator's

daughter], took only a life estate in the property, and the **remainder went to her children in fee simple**." *Id* (emphasis and alteration added). Further, in response to Rocky's second contention, while the *Sullivan v. Skinner* opinion does not expressly provide the number of children the wife/testator's daughter had, it does state that the remainder "**went to her children,**" evidencing the fact that she had more than one child. *Id*.

Rocky next contends that the cases cited by Harold Jr. and Rolland are not applicable because they do not specifically address contractual wills. However, the Austin Court of Appeals has stated that "the meaning applied to the language of a will should be that usually and ordinarily understood to apply to similar language used in other instruments of the same character." *Allen v. Heinatz*, 212 S.W.2d 987, 988 (Tex.Civ.App.—Austin 1948), judgment aff'd) (emphasis added). All of the authority cited by Harold Jr. and Rolland with respect to the phrase "any child or children" concerns the distribution of estate assets in the context of probate proceedings. On the other hand, Rocky relies on authority which has absolutely no relation to probate proceedings, to specific terms of distribution in wills, or to the Texas Estates code. *See* Reply Brief of Appellant 11, 16-17. For example, Rocky cites to the following cases which are wholly irrelevant and have no application to the case at bar:

*Daimler Chrysler Motors C. V. Manuel* concerns a suit brought by a franchised automobile dealer against an automobile manufacturer for breach of a settlement agreement and a release agreement.

*See DaimlerChrysler Motors Co., LLC v. Manuel*, 362 S.W.3d 160, 166 (Tex. App.—Fort Worth 2012, no pet.).

*In re Agresti* concerns a suit brought by a doctor against numerous insurance companies, financial groups and a law firm for misrepresentation, fraud, civil conspiracy, negligent misrepresentation, and unjust enrichment in connection with the defendants' financial planning services and the purchase and sale of premium-financed life insurance policies.

*See In re Agresti*, No. 13-14-00126-CV, 13-14-00149-CV, 13-14-00154-CV, 13-14-00168-CV, 2014 Tex. App. LEXIS 5689, at *22-26, 2014 WL 3408691 (Tex. App.—Corpus Christi May 29, 2014, orig. proceeding) (memo.op.).

*Progressive Cnty. Mut. Ins. Co. v. Kelley* concerns a suit brought by an insured against an insurance company for Insurance Code violations and breach of contract.

*See Progressive Cnty. Mut. Ins. Co.,* 284 S.W.3d at 806.

*Jones v. Villareal* concerns an interlocutory appeal from the trial court's order denying a motion to compel arbitration under the Federal Arbitration Act.

*Jones v. Villareal*, No. 13-12-00166-CV, 2013 Tex. App. LEXIS 1782, at *2, 2013 WL 656839 (Tex. App.—Corpus Christi Feb. 21, 2013, pet. granted, judgm't vacated w.r.,) (mem. op.).

It is also important to note that Rocky fails to cite any authority which supports his frivolous argument that the phrase "any child or children" gave

Mildred F. Pursley the right to unilaterally exclude one or two of her children from receiving their fair share of the remaining estate.

## VIII. AT THE TIME OF HAROLD W. PURSLEY'S DEATH THE EXISTING CLASS MEMBERS (HAROLD JR., ROLLAND, AND ROCKY) WERE VESTED, SUBJECT TO ANY AFTER-BORN CLASS MEMBERS.

In a last ditch effort to find support for his baseless theory, Rocky argues that the vesting provision in the 1975 Will stating that vesting does not take place until the death of the survivor "makes sense only" if the survivor has discretion to pick and choose which child or children gets the remaining estate. Reply Brief of Appellant 13. However, this argument again completely disregards the fact that the 1975 Will was phrased in a particular way to provide for any after-born children. Specifically, the provisions of the 1975 Will took into account the fact that Rocky's father, Harold W. Pursley, could die the week after the 1975 Will was executed, leaving behind a pregnant Mildred F. Pursley. Therefore, under Rocky's own reasoning, the vesting terms of the 1975 Will make absolute "sense" when they are analyzed, in a logical approach, taking into account the uncertainty of after-born children in the context of a contractual will.

Lastly, Rocky contends that Harold Jr. and Rolland's analysis of the time of vesting is contrary to the general rule set forth in *Houston v. Schuhmann*. Reply Brief of Appellant 13. The general rule in *Houston v. Schuhmann* is as follows:

> The general rule is that a devise or bequest to a class, if no time for vesting is fixed will take effect at the death of the testator. **But where the will either by express words or necessary implication fixes a different time, <u>and the whole class is not then completed, the devise or remainder will vest in those then existing</u>** who will hold it subject to be opened so as to let in after-born persons who shall belong to the class at the time fixed by the will for its final completion.

*Houston v. Schuhmann,* 92 S.W.2d 1086, 1089 (Tex.Civ.App.—Amarillo 1936, writ ref'd) (emphasis added).

As seen above, the general rule is twofold. First, if the will does not fix a different time for vesting then the gift vests at the death of the testator. *See id.* Second, if the will does fix a different time for vesting, and the whole class **is not then complete**, the **remainder will vest in those then existing**. *See id.* However, the existing class members will hold their interest **subject to any after-born person belonging to the class**. *See id.* In the present case, as discussed in Appellees' Brief, at the time of Harold W. Pursley's death the existing class members (Harold Jr., Rolland, and Rocky) were vested, subject to any after-born class members. *See id.*; *see* Appellees' Brief 48-49.

## IX. CONCLUSION.

In conclusion, the 1975 Will made a class gift to all the children of the marriage. The use of the words "any" and "or" certainly did not eliminate the class gift, nor did it make a disposition excluding one or two children proper. The members of the class living at the time (Rocky, Harold Jr., and Rolland) received a vested interest at the death of Harold W. Pursley, subject to any after-born

children. Subsequently, at the death of Mildred F. Pursley the class was ascertained. Therefore, Mildred F. Pursley's attempt to change the dispositive provision to anyone other than all three brothers in equal shares is a violation of the terms of the 1975 Will. Due to the fact that Mildred F. Pursley had no authority or power to revoke the 1975 Will, the 1975 Will is binding upon the Estate of Mildred F. Pursley, rendering all other subsequently-executed, inconsistent wills unenforceable.

Further, Rocky failed to properly plead the issue of ambiguity and waived his right to a jury trial. In doing so, Rocky effectively waived his right to an appeal on the issue of ambiguity. In the alternative, if this Court finds that Rocky's pleadings satisfied the requirements cited above, the terms of the 1975 Will are not ambiguous as a matter of law. The technical phrase "any child or children" has a definite and certain legal meaning.

For these reasons, the trial court did not err in imposing a constructive trust in favor of the devisees of the 1975 Will (Rocky, Harold Jr., and Rolland) in equal shares, to the extent necessary to enforce the terms of the 1975 contractual Will. Therefore, this Court should affirm the trial court's ruling.

## PRAYER

For the foregoing reasons, Harold Jr. and Rolland respectfully request that this Court uphold the trial court's November 20, 2014 Final Judgment granting Harold Jr. and Rolland's Motion for Summary Judgment. Harold Jr. and Rolland also request such further relief to which they may be entitled.

Respectfully submitted,

ELLIS, KOENEKE & RAMIREZ L.L.P.
1101 Chicago Avenue
McAllen, Texas 78501
Telephone (956) 682-2440
Facsimile (956) 682-0820

By: /s/ Edmundo O. Ramirez
    EDMUNDO O. RAMIREZ
    State Bar No. 1650142
    eor@ekrattorneys.com
    THOMAS D. KOENEKE
    State Bar No. 11652500
    tdk@ekrattorneys.com
    MINERVA I. ZAMORA
    State Bar No. 24037765
    miz@ekrattorneys.com
    DANIEL KOENEKE
    State Bar No. 24083320
    daniel@ekrattorneys.com
**Attorneys for Appellees Harold Pursley, Jr., and Rolland Pursley**

## CERTIFICATE OF RULE 9.4(i) COMPLIANCE

In compliance with Texas Rule of Appellate Procedure 9.4(i)(3), I certify that the number of words in this Sur-Reply of Appellees, excluding those matters listed in Rule 9.4(i)(1) is 6,015 words per the word processing program used for its preparation (Microsoft Word).

/s/ Daniel Koeneke
Daniel Koeneke

## CERTIFICATE OF SERVICE

I certify that the foregoing document was electronically filed with the Clerk of the Court using the electronic case filing system of the Court. I also certify that a true and correct copy of the foregoing was served on the following counsel of record on May 21, 2015 as follows:

| Recipient: | Attorney for: | Served by: |
|---|---|---|
| J. Joseph Vale<br>jvale@atlashall.com<br>Charles C. Murray<br>ccmurray@atlashall.com<br>Atlas, Hall & Rodriguez, LLP<br>818 Pecan/P.O. Box 3725<br>McAllen, Texas 78501 | Appellant, Rocky Pursley | Electronically if available, or by facsimile and e-mail |
| Marlane A. Meyer<br>Mmeyer308@aol.com<br>Meyer & Guerrero, L.L.P.<br>308 N. 15th Street<br>McAllen, Texas 78501 | Temporary Administrator, PlainsCapital Bank | Electronically if available, or by facsimile and e-mail |

/s/ Daniel Koeneke
Daniel Koeneke